1   KELLEY DRYE & WARREN LLP
      Lauri A. Mazzuchetti (*pro hac vice*)
2     Edward J. Mullins III (*pro hac vice*)
    One Jefferson Road, 2nd Floor
3   Parsippany, New Jersey 07054
    Telephone:  (973) 503-5900
4   Facsimile:   (973) 503-5950
    lmazzuchetti@kelleydrye.com
5   emullins@kelleydrye.com

6   KELLEY DRYE & WARREN LLP
      Lee S. Brenner (State Bar No. 180235)
7     Catherine D. Lee (State Bar No. 258550)
    10100 Santa Monica Boulevard, 23rd Floor
8   Los Angeles, CA 90067-4008
    Telephone:  (310) 712-6100
9   Facsimile:   (310) 712-6199
    lbrenner@kelleydrye.com
10  clee@kelleydrye.com

11  Attorneys for Defendants Sunrun Inc. and Clean Energy
    Experts, LLC

12

13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15  | LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated, | Case No. 4:15-cv-05340-YGR |

LYNN SLOVIN, an individual, on her own
16  behalf and on behalf of all others similarly
    situated,                                    Case No. 4:15-cv-05340-YGR

                                                 (Hon. Yvonne Gonzalez Rogers)
17                  Plaintiff,
                                                 **DEFENDANTS' ANSWER TO**
18                                               **PLAINTIFFS' THIRD AMENDED**
                                                 **COMPLAINT**
19          v.
                                                 TAC Filed:      July 12, 2016
20  SUNRUN, INC., a California corporation,      Trial Date:     None Set
    CLEAN ENERGY EXPERTS, LLC, a
21  California limited liability company doing
    business as SOLAR AMERICA, and DOES 1
22  through 5, inclusive,

23                  Defendants.

24

25

26

27

28

Defendants Sunrun Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") (collectively, "Defendants") hereby answer Plaintiffs' Third Amended Class Action Complaint ("TAC") as follows:

## INTRODUCTION

1. Defendants admit to operating within the solar energy industry, and admit that CEE has the ability to deliver leads in real time to solar service providers, including Sunrun, who may convert leads into closed sales deals. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 are either argument or state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are argument, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5. Defendants admit that Plaintiffs seek the relief stated in Paragraph 5, but deny that Plaintiffs are entitled to the relief requested. Defendants deny the remaining allegations in Paragraph 5.

## PARTIES

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and deny the allegations on that basis.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and deny the allegations on that basis.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and deny the allegations on that basis.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and deny the allegations on that basis.

10. Defendants admit the allegations in Paragraph 10.

11. Defendants admit that CEE is a California limited liability corporation with its principal place of business located at 595 Market Street, 29th Floor, San Francisco, California, and

that it operates the websites solaramerica.com and solaramerica.org.  Defendants admit that CEE does business under its registered trademark "Solar America."  Defendants deny the remainder of the allegations in Paragraph 11.

12.   Defendants admit the allegations in Paragraph 12.

13.   Defendants admit that Sunrun acquired CEE in April 2015, but deny the remaining allegations in Paragraph 13, and respectfully refer the Court to the referenced and quoted document for its true and correct contents.

14.   Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs are "currently ignorant" of the true names of defendants with fictitious names Does 1-5. Defendants further deny knowledge or information sufficient to form a belief as to whether Plaintiffs will seek to amend the TAC to add the true names of such Defendants, and whether such fictitiously named Doe defendants are "legally responsible" for the events and occurrences alleged in the TAC.  Defendants further deny the remaining allegations in Paragraph 14.

15.   The allegations in Paragraph 15 state a legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16.   The allegation in Paragraph 16 defines the manner in which Defendants are referred to in the TAC, and does not require a response.

17.   The allegation in Paragraph 17 defines the manner in which Defendants are referred to in the TAC, and does not require a response.  Defendants deny that it is appropriate for Plaintiffs to lump together allegations directed to Defendants, without specifying the specific conduct complained of as to each of them.

**JURISDICTION AND VENUE**

18.   The jurisdictional claims in Paragraph 18 are legal conclusions to which no response is required.

19.   Defendants admit that Sunrun is headquartered within the Northern District of California, but denies that CEE is headquartered within the Northern District of California.  The remainder of the allegations in Paragraph 19 are legal conclusions to which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

20.     Defendants admit that Sunrun's headquarters are located within this District.  The remainder of the allegations in Paragraph 20 are legal conclusions to which no response is required.

21.     Defendants admit that Plaintiffs purport to base the allegations in the TAC upon "information and belief."  Defendants deny that this constitutes adequate support for the claims alleged in the TAC, and deny knowledge or information as to whether "additional evidentiary support" will be forthcoming.

**INTRADISTRICT ASSIGNMENT**

22.     The allegations in Paragraph 22 state a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

**THE TELEPHONE CONSUMER PROTECTION ACT**

**OF 1991 ("TCPA"), 47 U.S.C. §227**

23.     Defendants admit that Congress enacted the Telephone Consumer Protection Act ("TCPA") in 1991.  Defendants are without first-hand knowledge or information sufficient to form a belief as to the reasons Congress enacted the TCPA, and on that basis, deny the remainder of the allegations in Paragraph 23.  Defendants respectfully refer the Court to the legislative and regulatory history of the TCPA.

24.     The allegations in Paragraph 24 state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 24 to the extent that they inaccurately characterize the TCPA, its regulations or binding interpretations thereof.

25.     The allegations in Paragraph 25 state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 25 to the extent that they inaccurately characterize the TCPA, its regulations or binding interpretations thereof.

26.     The allegations in Paragraph 26 state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 27 to the extent that they inaccurately characterize the TCPA, its regulations or binding interpretations thereof.

28.     The allegations in Paragraph 28 state legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 28 to the extent that they inaccurately characterize the TCPA, its regulations or binding interpretations thereof.

29.     The allegations in Paragraph 29 characterize and claim to cite to statements from Sunrun's website.  Defendants respectfully refer the Court to the referenced website for its true and correct contents, and deny the allegations in Paragraph 29 to the extent that they conflict with the referenced website.

30.     The allegations in Paragraph 30 characterize and claim to cite to statements from Sunrun's website.  Defendants respectfully refer the Court to the referenced website for its true and correct contents, and deny the allegations in Paragraph 30 to the extent that they conflict with the referenced website.

31.     The allegations in Paragraph 31 characterize and claim to cite to statements from CEE's website.  Defendants respectfully refer the Court to the referenced website for its true and correct contents, and deny the allegations in Paragraph 31 to the extent that they conflict with the referenced website.

32.     Defendants admit that Sunrun acquired CEE in April 2015 for $25.0 million in cash and 1.9 million shares of common stock.  The remainder of the allegations in Paragraph 32 characterize and claim to cite to statements made in a referenced SEC filing, and Defendants respectfully refer the Court to the referenced document for its true and correct contents.

33.     The allegations in Paragraph 33 characterize and claim to cite to statements made in a referenced SEC filing, and Defendants respectfully refer the Court to the referenced document for its true and correct contents.

34.     The allegations in Paragraph 34 characterize and claim to cite to statements made

in a referenced SEC filing, and Defendants respectfully refer the Court to the referenced document for its true and correct contents.

35.   Defendants deny the allegations contained in the first two sentences of Paragraph 35.  Defendants admit that they promote the cost savings of converting to solar energy to potential customers and offer to provide homeowners with quotes from local installers, dealers or contractors, but otherwise deny the allegations in the third sentence of Paragraph 35.  The allegations in the last sentence of Paragraph 35 characterize and claim to cite to statements from CEE's website.  Defendants respectfully refer the Court to the referenced website for its true and correct contents, and deny the allegations in Paragraph 35 to the extent that they conflict with the referenced website.

36.   Defendants admit that CEE can deliver leads to solar companies within 30 to 60 seconds.  The remaining allegations in Paragraph 36 characterize and claim to cite to statements from CEE's website.  Defendants respectfully refer the Court to the referenced website for its true and correct contents, and deny the allegations in Paragraph 36 to the extent that they conflict with the referenced website.

37.   Defendants admit that the statement in Paragraph 37 was accurate at the time it was made on the referenced website, and respectfully refer the Court to CEE's website for its true and correct contents.  Defendants otherwise deny the allegations in Paragraph 37.

38.   Defendants admit that the allegations in Paragraph 38 reflect terms contained in the referenced Lead Purchase Agreement.  Defendants deny the allegations in Paragraph 38 to the extent that they conflict with the terms of the referenced Lead Purchase Agreement.

39.   Defendants admit that Sunrun's Form 10-K states that "[c]ustomer lead revenue is recognized at the time the lead is delivered," and refer the Court to the referenced document for its true and correct contents.

40.   Defendants admit that the quoted material in Paragraph 40 appears on CEE's website, and respectfully refer the Court to the referenced website for its true and correct contents.

41.   Defendants admit that Sunrun has converted a lead into a closed sale deal.  Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant.  Defendants further deny that the alleged "Agents," as defined in the TAC, make or have made, any calls on behalf of either Defendant.  The first sentence of Footnote 1 is a legal conclusion to which no response is required.  Defendants deny the remaining allegations in Paragraph 42 and Footnote 1.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45 as alleged.  Defendants deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  Defendants deny that that they "preapprove" the scripts of third party vendors.  Defendants admit, however, that they are aware of some of the names used by third party vendors.  Defendants admit that they are aware some third party vendors may ask questions concerning a person's credit score, average monthly electric bills, roof shading, and other personal information.

46.     Defendants deny the allegations in Paragraph 46 as alleged.  Defendants deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  Defendants admit, however, that third party vendors may post certain lead data into a customer relationship management software or database.

47.     Defendants deny the allegations in Paragraph 47 as alleged.  Defendants deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  Defendants admit, however, that certain third party vendors are requested to "live transfer" or "warm transfer" certain leads to Defendants.

48.     Defendants deny the allegations in Paragraph 48 as alleged.  Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant. Defendants admit, however, that certain third party vendors sometimes use scripts during a call, post the information obtained

directly into a CRM, and connect the lead with Defendants' call center employees.  Defendants admit that certain third party vendors may use conference a call with Defendants' call center, then disconnect from the line and allow Defendants to ask qualifying questions and schedule an appointment for a solar consultant from Sunrun to visit the potential customers' home.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55 as alleged.  Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  Defendants admit, however, that they have provided certain third party vendors with pricing requirements, geo-targeting information, roofing requirements, and/or which electric power companies that work with Defendants.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59 as alleged.  Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  Defendants state, however, that termination rights as applicable to any third party vendor are governed as per the parties' contractual relationship.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.      Defendants deny the allegations in Paragraph 63 as alleged.  Defendants also deny

that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.  In further response to Paragraph 63, Defendants state that the terms and conditions with respect to leads, and the "ownership" of certain leads, are governed by the parties' contractual relationship.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that the quoted material (with language omitted) appears in the FCC's 2003 Report and Order, and refer the Court to the referenced report for its true and correct contents.  Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72 as to Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 as to third parties, and deny the allegations on that basis.  Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.

73.     Defendants deny the allegations in Paragraph 73 as to Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 as to third parties, and deny the allegations on that basis.  Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant.

74.     The allegations in Paragraph 74 state legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to whether any of the calls alleged in the TAC constitute calls for "emergency purposes," and Defendants deny the allegations on that basis.  Defendants deny that

1   they are responsible or liable for the calls allegedly received by Plaintiffs.

2       75.    Defendants deny the allegations in Paragraph 75.

3       76.    Defendants deny the allegations in Paragraph 76.

4   **PLAINTIFF SLOVIN'S INDIVIDUAL ALLEGATIONS**

5       77.    Defendants are without knowledge or information sufficient to form a belief as to

6   the truth of the allegations in Paragraph 77, and deny the allegations on that basis.

7       78.    Defendants deny knowledge or information as to who Plaintiff "believes" the

8   alleged calls were made from, and deny the allegations on that basis.  Defendants deny knowledge

9   or information sufficient to form a belief as to where the alleged calls originated.  Defendants also

10   deny knowledge or information sufficient to form a belief as to the practices of other telemarketers

11   as described in Footnote 3, and deny the allegations in Footnote 3 on that basis.

12       79.    Defendants deny knowledge or information sufficient to form a belief as to where

13   the alleged calls originated, and how the caller identified him/herself to Plaintiff.  Defendants deny

14   that they initiated, and deny that they are responsible or liable for, the calls allegedly received by

15   Plaintiff Slovin.  Defendants deny that the caller was authorized by Defendants to place the call at

16   issue, or use the Solar America name.

17       80.    Defendants are without knowledge or information sufficient to form a belief as to

18   the truth of the allegations in Paragraph 80, and deny the allegations on that basis.  Footnote 4

19   states legal conclusions to which no response is required.  To the extent a response is required,

20   Defendants deny the allegations in Footnote 4.

21       81.    Defendants deny knowledge or information sufficient to form a belief as to the

22   allegations in Paragraph 81, and deny the allegations on that basis.  Defendants deny that they

23   initiated, and deny that they are responsible or liable for, the calls allegedly received by Plaintiff

24   Slovin.  Defendants deny that the caller was authorized by Defendants to place the call at issue, or

25   use the Solar America name.

26       82.    Defendants deny knowledge or information sufficient to form a belief as to the

27   allegations in Paragraph 82, and deny the allegations on that basis.  Defendants deny that the caller

28   was authorized by Defendants to place the call at issue, or use the Solar America name.

Defendants also deny that they initiated, and deny that they are responsible or liable for, the calls allegedly received by Plaintiff Slovin.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny knowledge or information sufficient to form a belief as to any alleged "contact" with Defendants prior to the alleged calls.  Defendants deny that they initiated, and deny that they are responsible or liable for, the calls allegedly received by Plaintiff Slovin. Defendants also deny that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that they make or have made any calls on behalf of either Defendant. Defendants deny the remaining allegations in Paragraph 85.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and deny the allegations on that basis.

87.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 87, and deny the allegations on that basis.

88.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 88, and deny the allegations on that basis.

89.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 89, and deny the allegations on that basis.

90.     Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff Slovin "found" the calls to be intrusive and harassing, or whether they diverted attention away from her daily activities.  Defendants further deny knowledge or information sufficient to form a belief as to why, and whether, Plaintiff Slovin placed herself on national the Do-Not-Call registry.  Defendants deny that they caused any damage to Plaintiff Slovin, or otherwise invaded her privacy.  Defendants deny that the caller was authorized by Defendants to place the calls alleged, or use the Solar America name.  Defendants deny that they initiated, and deny that they are responsible or liable for, the calls allegedly received by Plaintiff Slovin.  The remainder of the allegations in Paragraph 90 state legal conclusions, and on that basis are denied.

## PLAINTIFF SAMUEL KATZ'S INDIVIDUAL ALLEGATIONS

91.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, and deny the allegations on that basis.

92.     Defendants deny that the calls at issue were made "on behalf of Defendants." Defendants deny that they are responsible or liable for, any calls allegedly received by Plaintiff Katz.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 92.

93.     Defendants admit that it appears that, according to records that Defendants received, a call was made to Katz on August 18, 2015.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 93, and therefore deny the allegations on that basis.  Defendants admit that it appears that, according to records that Defendants received, the allegations in the fourth sentence of Paragraph 93 appear to be true.  Defendants admit that it appears that, according to records that Defendants received, the caller identified herself as being from "Solar Nation," that the caller stated that her call was a "courtesy call," and that the program she was talking about involves no out of pocket costs to the consumer.  Defendants deny that the caller stated that she "was calling on behalf of Sunrun." Defendants deny that they initiated, and deny that they are responsible or liable for, the call at issue.  Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants admit that it appears that, according to records that Defendants received, a call was made to Katz by Mediamix365 on August 18, 2015, but only after Katz gave his prior express consent to receive the call.  Defendants admit that Mediamix365 may use the name "Solar Nation" on calls.  Defendants deny that any call was "on behalf of and for the benefit of" Defendants.  Defendants deny that Mediamix is Defendants' "Agent."  Defendants are without knowledge or information sufficient to form a belief as to the allegations in the remaining allegations in Paragraph 94, and therefore deny the allegations on that basis.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny that Solar Media Team is Defendants' "Agent."  Defendants deny that the additional calls at issue were made "on behalf of and for the benefit of Defendants."

1    Defendants deny that they initiated, and deny that they are responsible or liable for, the calls

2    allegedly received by Plaintiff Katz on October 28-29 and November 2, 2015.  Defendants deny

3    that the caller was authorized by Defendants to place the call at issue, or use the Solar America

4    name.  Defendants are without knowledge or information sufficient to form a belief as to the

5    allegations in the remaining allegations in Paragraph 96, and therefore deny the allegations on that

6    basis.

7         97.    Defendants are without knowledge or information sufficient to form a belief as to

8    the truth of the allegations in Paragraph 97, and deny the allegations on that basis.

9         98.    Defendants deny knowledge or information to form a belief as to whether and when

10   Plaintiff Katz received such advertisement, and therefore deny the allegations in Paragraph 98 of

11   that basis.

12        99.    Defendants deny the allegations in Paragraph 99.

13        100.   Defendants are without knowledge or information sufficient to form a belief as to

14   the truth of the allegations in Paragraph 100, and deny the allegations on that basis.

15        101.   Defendants deny knowledge or information sufficient to form a belief as to whether

16   Plaintiff "found" the calls to be intrusive and harassing, or whether they diverted attention away

17   from his daily activities.  Defendants further deny knowledge or information sufficient to form a

18   belief as to why, and whether, Plaintiff Katz placed himself on the national Do-Not-Call registry.

19   Defendants deny that they caused any damage to Plaintiff Katz, or otherwise invaded his privacy.

20   Defendants deny that they initiated, and deny that they are responsible or liable for, the calls

21   allegedly received by Plaintiff Katz.  The remainder of the allegations in Paragraph 101 state legal

22   conclusions, and on that basis are denied.

23        **PLAINTIFF JEFFERY PRICE'S INDIVIDUAL ALLEGATIONS**

24        102.   Defendants are without knowledge or information sufficient to form a belief as to

25   the allegations in Paragraph 102, and deny the allegations on that basis.

26        103.   Defendants admit that it appears that, according to records that Defendants have

27   received, a call was made to Price by Epath Media on April 2, 2014 and that Price was placed on

28   Defendants' Do Not Call list in 2014.  Defendants deny that Epath Media is Defendants' "Agent."

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1   Defendants deny that they initiated, and deny that they are liable for, any calls allegedly received

2   by Plaintiff Price.  Defendants are without knowledge or information sufficient to form a belief as

3   to the remaining allegations in Paragraph 103, and deny the allegations on that basis.

4        104.    Defendants admit that Epath Media may use the names Clean Energy Foundation

5   and Green Energy Association when calling potential solar customers.  Defendants deny the calls

6   at issue were made "on behalf of and for the benefit of Defendants."  Defendants are without

7   knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph

8   104, and deny the allegations on that basis.

9        105.    Defendants deny that the caller was authorized by Defendants to place the call at

10   issue and deny that they initiated the call at issue.  Defendants deny that they are liable for any

11   calls allegedly received by Plaintiff Price.  Defendants are without knowledge or information

12   sufficient to form a belief as to the allegations in Paragraph 105, and deny the allegations on that

13   basis.

14        106.    Defendants admit that on or about April 2, 2014, a call with Plaintiff Price was

15   transferred to a CEE representative.  Defendants are without knowledge or information sufficient

16   to form a belief as to the remaining allegations in Paragraph 106, and therefore deny them on that

17   basis.  The allegations in Footnote 5 characterize and claim to cite to statements from two

18   websites.  Defendants respectfully refer the Court to the referenced websites for their true and

19   correct contents, and deny the allegations in Footnote 5 to the extent that they conflict with the

20   referenced websites.

21        107.    Defendant admit that Plaintiff Price filed a complaint with the Better Business

22   Bureau against CEE on or about April 2, 2014 and made various claims against CEE.  Defendants

23   deny that they initiated, and deny that they are responsible or liable for, any calls allegedly

24   received by Plaintiff Price.

25        108.    Defendants are without knowledge or information sufficient to form a belief as to

26   the allegations in Paragraph 108, and deny the allegations on that basis.  Defendants deny that the

27   caller was authorized by Defendants to place the call at issue and deny that they initiated the call at

28   issue.  Defendants deny that they initiated, and deny that they are responsible or liable for, any

1   calls allegedly received by Plaintiff Price.

2        109.   Defendants are without knowledge or information sufficient to form a belief as to

3   the allegations in Paragraph 109, and deny the allegations on that basis.  Defendants further aver

4   that neither CEE nor Sunrun use, nor ever have used, the caller ID "UTILITIES" when making

5   calls to potential customers.  Defendants deny that the caller was authorized by Defendants to

6   place the call at issue and deny that they initiated the call at issue.  Defendants deny that they are

7   liable for any calls allegedly received by Plaintiff Price.

8        110.   Defendants are without knowledge or information sufficient to form a belief as to

9   the allegations in Paragraph 110, and deny the allegations on that basis.  Defendants further aver

10   that neither CEE nor Sunrun use, nor ever have used, the caller ID "UTILITIES" when making

11   calls to potential customers.  Defendants deny that the caller was authorized by Defendants to

12   place the call at issue, or use the Solar America name.  Defendants deny that the caller was

13   authorized by Defendants to place the call at issue and deny that they initiated the call at issue.

14   Defendants deny that they are liable for any calls allegedly received by Plaintiff Price.

15        111.   Defendants are without knowledge or information sufficient to form a belief as to

16   the allegations in Paragraph 111, and deny the allegations on that basis.

17        112.   Defendants admit that Plaintiff Price filed the complaint at issue, but deny that

18   Defendants are liable for the calls at issue in that complaint.

19        113.   Defendants admit the allegations in Paragraph 113.

20        114.   Defendants are without knowledge or information to form a belief as to the

21   remaining allegations in Paragraph 114, and deny the allegations on that basis.  Defendants deny

22   that the caller was authorized by Defendants to place the call at issue and deny that they initiated

23   the call at issue.  Defendants deny that they are liable for any calls allegedly received by Plaintiff

24   Price.  Defendants further deny that they use, or ever have used, the name "Clean Energy

25   Advocates" to identify themselves.

26        115.   Defendants admit the allegations in Paragraph 115.

27        116.   Defendants are without knowledge or information sufficient to form a belief as to

28   the allegations in Paragraph 116, and deny the allegations on that basis.  Defendants deny that the

1    caller was authorized by Defendants to place the call at issue and deny that they initiated the call at

2    issue.  Defendants deny that they are liable for any calls allegedly received by Plaintiff Price.

3        117.    Defendants are without knowledge or information sufficient to form a belief as to

4    the allegations in Paragraph 117, and deny the allegations on that basis.

5        118.    Defendants are without knowledge or information sufficient to form a belief as to

6    the allegations in Paragraph 118, and deny the allegations on that basis.

7        119.    Defendants are without knowledge or information sufficient to form a belief as to

8    the allegations in Paragraph 119, and deny the allegations on that basis.

9        120.    Defendants deny knowledge or information sufficient to form a belief as to whether

10   Plaintiff "found" the calls to be intrusive and harassing, or whether they diverted attention away

11   from his daily activities.  Defendants further deny knowledge or information sufficient to form a

12   belief as to why, and whether, Plaintiff Price placed himself on the national Do-Not-Call registry.

13   Defendants deny that they caused any damage to Plaintiff Price, or otherwise invaded his privacy.

14   Defendants deny that they are liable for the calls allegedly received by Plaintiff Price.  The

15   remainder of the allegations in Paragraph 120 state legal conclusions, and on that basis are denied.

16                **PLAINTIFF JUSTIN BIRKHOFER'S INDIVIDUAL ALLEGATIONS**

17       121.    Defendants are without knowledge or information sufficient to form a belief as to

18   the allegations in Paragraph 121, and deny the allegations on that basis.

19       122.    Defendants are without knowledge or information sufficient to form a belief as to

20   the allegations in Paragraph 122, and deny the allegations on that basis.

21       123.    Defendants admit that on April 26, 2016, a call with Plaintiff Birkhofer was

22   transferred to a representative from Sunrun, but only after the third party vendor obtained

23   Birkhofer's consent.  Defendants admit that during the call with a Sunrun representative, the call

24   was disconnected.  Defendants are without knowledge or information sufficient to form a belief as

25   to the remaining allegations in Paragraph 123, and deny the allegations on that basis.

26       124.    Defendants admit that the same Sunrun representative called Plaintiff Birkhofer

27   back.  Defendants admit that the Sunrun representative called from Sunrun's telephone number,

28   855-478-6786.  Defendants are without knowledge or information sufficient to form a belief as to

1    the remaining allegations in Paragraph 124, and deny the allegations on that basis.

2        125.    Defendants admit that Sunrun has an office in Scottsdale, Arizona.  Defendants

3    admit that the Sunrun representative stated that she could schedule an appointment for a field

4    consultant to go to Plaintiff Birkhofer's home.  Defendants deny the remaining allegations in

5    Paragraph 125.

6        126.    Defendants are without knowledge or information sufficient to form a belief as to

7    the allegations in the first two sentences of Paragraph 126, and deny the allegations on that basis.

8    The allegations in the third sentence of Paragraph 126 characterize and claim to cite to statements

9    from a website.  Defendants respectfully refer the Court to the referenced website for its true and

10   correct contents, and deny the allegations in the third sentence of Paragraph 126 to the extent that

11   they conflict with the referenced website.

12       127.    Defendants deny the allegations in Paragraph 127.

13       128.    Defendants are without knowledge or information sufficient to form a belief as to

14   the allegations in Paragraph 128, and deny the allegations on that basis.

15       129.    Defendants deny knowledge or information sufficient to form a belief as to whether

16   Plaintiff "found" the calls to be intrusive and harassing, or whether they diverted attention away

17   from his daily activities.  Defendants further deny knowledge or information sufficient to form a

18   belief as to why, and whether, Plaintiff Birkhofer placed himself on the national Do-Not-Call

19   registry.  Defendants deny that they caused any damage to Plaintiff Birkhofer, or otherwise

20   invaded his privacy.  Defendants deny that they are liable for the calls allegedly received by

21   Plaintiff Birkhofer.  The remainder of the allegations in Paragraph 129 state legal conclusions, and

22   on that basis are denied.

23                      **CLASS CERTIFICATION ALLEGATIONS**

24       130.    Defendants admit that Plaintiffs purport to bring this action on behalf of themselves

25   and putative classes as defined in Paragraph 130.  Defendants deny, however, that this case is

26   appropriate for class treatment, and deny that the putative classes are valid or appropriate.

27       131.    Defendants admit that Plaintiffs purport to exclude the persons identified in

28   Paragraph 131.  Defendants otherwise deny the allegations in Paragraph 131.

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

132.   Paragraph 132 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.   Paragraph 133 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.   Paragraph 134 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.   Paragraph 135 states a legal conclusion as to which no responses is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.   The allegations in Paragraph 136 state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.   Paragraph 137 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.   Paragraph 138 states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 138.

**FIRST CLAIM**
**Violation of the TCPA Against All Defendants**
**By Plaintiffs Slovin, Katz, and Birkhofer**
**Individually and on Behalf of the Robocall Cellular Class**

139.   Defendants repeat its answers to the preceding paragraphs of the TAC as though fully set forth herein.  Defendants admit that Plaintiff purports to assert claims on behalf of themselves and the members of the putative "Robocall Cellular Class," but deny that this is a viable or appropriate class.

140.   Paragraph 140 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants admit that the quoted material (with language omitted) is from the TCPA.  Defendants otherwise deny the allegations in Paragraph 140, and refer to the referenced statute for its true and correct contents.

141.   Paragraph 141 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants admit that the quoted material (with language omitted) is from the TCPA.  Defendants otherwise deny the allegations in Paragraph 141, and

1   refer to the referenced statute for its true and correct contents.

2       142.   Defendants admit they make calls to customers and others in the regular course of

3   their business.  Defendants admit that Sunrun called Plaintiff Birkhofer on April 26, 2016, after a

4   third party vendor transferred the call to Sunrun, but deny that the call was made without

5   Birkhofer's consent.  Defendants deny the remaining allegations in Paragraph 142.

6       143.   Defendants deny the allegations in Paragraph 143.

7       144.   Defendants deny the allegations in Paragraph 144.

8       145.   Defendants deny the allegations in Paragraph 145.

9       146.   Defendants deny the allegations in Paragraph 146.

10       147.   Defendants deny the allegations in Paragraph 147.

11       148.   Defendants admit that Plaintiffs seek the relief in Paragraph 148, but deny that

12   Plaintiffs are entitled to such relief.

13                     **SECOND CLAIM**
**Violation Of the TCPA Against All Defendants by Plaintiff Price**

14               **Individually and on Behalf of the Robocall Landline Class**

15

16       149.   Defendants repeat the answers to the allegations in the preceding paragraphs in the

17   TAC as though fully set forth herein.  Defendants admit that Plaintiff Price purports to bring his

18   claim on behalf of himself and the members of the "Robocall Landline Class," but deny that this is

19   a viable or appropriate class.

20       150.   Paragraph 150 states a legal conclusion, as to which no response is required.  To

21   the extent a response is required, Defendants admit that the quoted material is from the TCPA.

22   Defendants deny the remaining allegations in Paragraph 150, and respectfully refer the Court to

23   the referenced statute for its true and correct contents.

24       151.   Paragraph 151 states a legal conclusion, as to which no response is required.  To

25   the extent a response is required, Defendants admit that the quoted material is from the TCPA.

26   Defendants deny the remaining allegations in Paragraph 151, and respectfully refer the Court to

27   the referenced statute for its true and correct contents.

28       152.   Defendants admit that they make calls to potential customers in the regular course

1    of their business.  Defendants deny the remainder of the allegations in Paragraph 152.

2        153.    Defendants deny the allegations in Paragraph 153.

3        154.    The allegations in Paragraph 154 state legal conclusions to which no response is

4    required.  To the extent a response is required, Defendants are without knowledge or information

5    sufficient to form a belief as to whether any of the calls alleged in the TAC constitute calls for

6    "emergency purposes," and Defendants deny the allegations on that basis.  Defendants deny that

7    they are responsible or liable for the calls allegedly received by Plaintiffs.

8        155.    Defendants admit that Plaintiff seeks the relief in Paragraph 155 on his own behalf

9    and on behalf of the putative class, but deny that Plaintiff is entitled to such relief.

### THIRD CLAIM FOR RELIEF
**Violation Of the TCPA Against All Defendants
by Plaintiffs Slovin, Katz, Price, and Birkhofer
Individually and On Behalf of the National DNC Class**

13        156.    Defendants repeat the answers to all preceding paragraphs of the TAC as though

14    fully set forth herein.  Defendants admit that Plaintiffs assert a claim on behalf of themselves and

15    members of the DNC Class, but deny that this is a viable or appropriate class.

16        157.    Paragraph 157 states a legal conclusion as to which no response is required. To the

17    extent a response is required, Defendants admit that the quoted material (with language omitted) is

18    from the TCPA.  Defendants deny the remaining allegations in Paragraph 157, and respectfully

19    refer the Court to the full text of the referenced statute for its true and correct contents.

20        158.    Paragraph 158 states a legal conclusion, as to which no response is required.  To

21    the extent a response is required, Defendants admit that the quoted material (with language

22    omitted) is from the referenced regulation.  Defendants otherwise deny the allegations in

23    Paragraph 158, and refer the Court to the referenced regulation for its true and correct contents.

24        159.    Paragraph 159 states a legal conclusion, as to which no response is required.

25    Defendants respectfully refer the Court to the referenced regulation and Report and Order for the

26    true and correct contents of those documents.

27        160.    Defendants deny the allegations in Paragraph 160.

28        161.    Defendants deny the allegations in Paragraph 161.

19

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

162.   Defendants deny the allegations in Paragraph 162.

163.   Defendants deny the allegations in Paragraph 163.

164.   Defendants deny the allegations in Paragraph 164.

165.   Defendants deny the allegations in Paragraph 165.

166.   Defendants deny the allegations in Paragraph 166.

**FOURTH CLAIM FOR RELIEF**
**Violations Of the TCPA, 47 U.S.C. 227**
**Against All Defendants by Plaintiff Slovin, Katz, Price, and Birkhofer**
**Individually and On Behalf of the Company DNC Class**

167.   Paragraph 167 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the referenced statute and regulation for their true and correct contents.

168.   Defendants deny the allegations in Paragraph 168.

169.   Defendants deny the allegations in Paragraph 169.

170.   Defendants deny the allegations in Paragraph 170.

171.   Defendants deny the allegations in Paragraph 171.

172.   The allegations in Paragraph 172 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.   Defendants deny the allegations in Paragraph 173.

174.   Defendants deny the allegations in Paragraph 174.

175.   Defendants admit that Plaintiffs and the purported "Company DNC Class" seek the relief in Paragraph 175, but deny that Plaintiffs or the putative class members are entitled to such relief.

**FIFTH CLAIM FOR RELIEF**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code Section 1750, *et. seq.*,**
**On Behalf of Plaintiff Price and the California Class**

176.   Defendants repeat the answers to the allegations in all the preceding paragraphs of the TAC as if fully set forth herein.  Defendants admit that Plaintiff asserts this claim on behalf of himself and the purported "California Class," but deny that the class is viable or appropriate.

20
DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1    177.   Paragraph 177 states a legal conclusion, as to which no response is required.  To

2    the extent a response is required, Defendants refer the Court to the referenced section of the

3    California Civil Code for its true and correct contents.

4    178.   Paragraph 178 states a legal conclusion, as to which no response is required.  To

5    the extent a response is required, Defendants refer the Court to the referenced section of the

6    California Civil Code for its true and correct contents.

7    179.   Defendants deny the allegations in Paragraph 179.

8    180.   Defendants deny the allegations in Paragraph 180.

9    181.   Defendants deny the allegations in Paragraph 181.

10   182.   Defendants deny the allegations in Paragraph 182 as alleged.  Defendants also deny

11   that the alleged "Agents," as defined in the TAC, are agents of either Defendant, and deny that

12   they make or have made any calls on behalf of either Defendant.  The allegations in Paragraph 182

13   state legal conclusions to which no response is required.  To the extent a response is required,

14   Defendants deny the allegations in Paragraph 182.

15   183.   Defendants deny the allegations in Paragraph 183.

16   184.   Defendants deny the allegations in Paragraph 184.

17   185.   Defendants are without knowledge or information sufficient to form a belief as to

18   the truth of the allegations in Paragraph 185, and deny the allegations on that basis.

19   186.   Defendants deny the allegations in Paragraph 186.

20   187.   Defendants admit that Plaintiff seeks, on behalf of himself and the "California

21   Class" the relief in Paragraph 187, but deny that Plaintiff and the "California Class" are entitled to

22   such relief.

23   188.   Defendants admit that Plaintiff seeks, on behalf of himself and the "California

24   Class" reasonable attorneys' fees and costs, but deny that Plaintiff and the "California Class" are

25   entitled to such relief.

26   189.   Defendants deny knowledge or information sufficient to form a belief as to whether

27   Plaintiff brings this action "as a private attorney general, and to vindicate and enforce an important

28   right affecting the public interest."  Defendants admit that Plaintiff seeks an award of attorneys'

21

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

fees under California Code of Procedure section 1021.5, but deny that Plaintiff is entitled to such relief.

190.    Defendants admit that Plaintiff Price seeks, on behalf of himself and the "California Class" reasonable attorneys' fees and costs, but deny that Plaintiff is entitled to such relief.

191.    Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiff brings this action "as a private attorney general, and to vindicate and enforce an important right affecting the public interest."  Defendants admit that Plaintiff seeks an award of attorneys' fees under California Code of Procedure section 1021.5, but deny that Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

1.    The TAC fails to allege facts sufficient to state a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
#### (Consent)

2.    Plaintiffs and the putative class are barred in whole or in part from asserting their claims because they provided Defendants with the requisite consent to receive telephone calls of the type about which the TAC complains.

### THIRD AFFIRMATIVE DEFENSE
#### (No Use of Automatic Telephone Dialing System)

3.    The TCPA claims are barred because neither Defendants, nor Defendants' agents used an Automatic Telephone Dialing System, as defined in the TCPA.

### FOURTH AFFIRMATIVE DEFENSE
#### (Acquiescence and Ratification)

4.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence and ratification.

### FIFTH AFFIRMATIVE DEFENSE
#### (Estoppel)

5.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties/ No Vicarious Liability)

8.    To the extent that the TAC can state a claim, third parties caused, or were responsible for part or all of the harm.  Defendants cannot be held vicariously liable for the actions of these third parties.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Standing)

10.    Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, because they suffered no actual injury, and they lack standing to assert the claims alleged in the TAC.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

11.    To the extent that Plaintiffs and the putative class members suffered any damages, Plaintiffs and putative class members failed to take any and all reasonable actions to avoid or

reduce their damages, and any damages awarded to them must be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

12.     Defendants did not proximately cause any damage, injury or violation alleged in the TAC.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

13.     Any claim for treble damages under the TCPA is barred because Defendants did not engage in any knowing or willful misconduct.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Agency)

14.     The parties responsible for the actions alleged in the TAC were not Defendants' agents, and Defendants cannot be held responsible for them.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

15.     The calls at issue constitute speech protected by the First Amendment, and imposing liability on Defendants would violate their First Amendment rights.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

16.     The claims of Plaintiffs and the putative class, including the imposition of statutory damages under the TCPA, violate the Due Process Clause of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Calls Not Made By Defendants)

17.     The claims of Plaintiffs and the putative class are barred, in whole or in part, because Defendants did not make the calls at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Existing Business Relationship)

18.     The claims of Plaintiffs and the putative class are barred, in whole or in part,

1  because they maintained an existing business relationship with the caller.

2  ## NINETEENTH AFFIRMATIVE DEFENSE
3  ### (Safe Harbor)

4  19.  The claims of Plaintiffs and the putative class are barred, in whole or in part, by the

5  TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

6  ## TWENTIETH AFFIRMATIVE DEFENSE
   ### (Less Than 30 Days Following Request to Be Placed On Company DNC List)
7

8  20.  The claims of Plaintiffs and the putative class are barred, in whole or in part, to the

9  extent that the calls at issue were made within thirty (30) days from the time the customer

10  requested to be put on Defendants' internal Do Not Call list.

11  ## TWENTY-FIRST AFFIRMATIVE DEFENSE
    ### (Response to Customer Inquiry/Request)
12

13  21.  The claims of Plaintiffs and the putative class are barred, in whole or in part, to the

14  extent that the calls at issue were made in response to a consumer inquiry, or request to be called.

15  ## TWENTY-SECOND AFFIRMATIVE DEFENSE
    ### (One Call Safe Harbor for Wrong Number Calls)
16

17  22.  The claims of Plaintiffs and the putative class are barred, in whole or in part, to the

18  extent that the calls at issue were the first call made to a phone number that no longer belongs to

19  the individual or household that originally requested to be called by Defendants, and were made

20  while Defendants were unaware that the number at issue had been reassigned.

21  ## TWENTY-THIRD AFFIRMATIVE DEFENSE
    ### (Improper Class Action)
22

23  23.  Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Fed. R. Civ. P.

24  to maintain this action as a class action.

25  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE
    ### (No Charge)
26

27  24.  Plaintiffs and putative class members were not "charged for the call," as that term

28  is used in the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25

**(Hobbs Act)**

25.     The Hobbs Act cannot be validly or constitutionally applied to preclude Defendants from raising defenses to an action arising under the TCPA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

26.     Plaintiffs' and putative class members' claims are barred, in whole or in part, because Defendants possessed a good faith belief that they had the requisite level of prior express consent.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Right to Tender Relief)**

27.     Defendants reserve the right to tender relief by depositing the full amount of Plaintiffs' claims in an account payable to Plaintiffs in order to moot Plaintiffs' claims.  *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 633, 672 (2016).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

28.     Defendants further aver that they currently lack sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

///

///

///

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that:

1.      The Court enter judgment in favor of Defendants, and against Plaintiffs.

2.      The Court award Defendants all expenses, costs and attorneys' fees in connection with this lawsuit; and

3.      The Court award such other and further relief to Defendants as it deems just and proper.

DATED:  August 19, 2016

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti
Lee S. Brenner
Edward J. Mullins III
Catherine D. Lee

By:  /s/ Lauri A. Mazzuchetti
       Lauri A. Mazzuchetti
Attorneys for Defendants Sunrun, Inc. and
Clean Energy Experts, LLC

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT