United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LYNN SLOVIN**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **SUNRUN, INC.**, *et al.*, <br><br> Defendants. | Case No.: 15-cv-05340 YGR <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STRIKE** <br><br> Re: Dkt. No. 51 |

Plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer bring this putative class action alleging willfull violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (Dkt. No. 46, "TAC.") Plaintiffs seek to represent a class of individuals who received unwanted calls from defendants SunRun, Inc. and Clean Energy Experts, LLC, dba Solar America, collectively, or its agents, allegedly in violation of the TCPA.

Currently before the Court is defendants' motion to strike the class allegationsin the TAC. Plaintiffs oppose. Having carefully considered the papers submitted and the pleadings in this action, and for the reasons explained below, the Court hereby **DENIES** defendants' motion to strike.[1]

### I.   APPLICABLE LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir.2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Because Rule 12(f) motions are disfavored, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). It is within the sound discretion of the district court whether to grant a motion to strike. *See Whittlestone*, 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir.2000)).

## II. ANALYSIS

Defendants argue that the class allegations (TAC ¶¶ 130–38) should be stricken because the proposed classes do not satisfy the requirements to certify a class under Rule 23. Defendants make four arguments why certification will be inappropriate, namely that: (1) the proposed contain members without standing and the classes are not ascertainable; (2) individualized issues of agency and consent preclude a finding of predominance; (3) the named plaintiffs' claims are not typical of the class; and (4) a class action is not the superior method of adjudicating the issues in this claim.

Defendants essentially seek to litigate Rule 23 class certification prematurely. While defendants' arguments may eventually prove to be convincing, defendants' motion to strike is premature given that discovery is still ongoing and no motion for class certification has been filed. *See In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (a motion to dismiss and strike class allegations is premature where no motion for class certification had been filed). Without the benefit of discovery and the demonstration of particularized arguments from both parties relating to class certification, the Court lacks the necessary information to rule on the propriety of the class allegations.

Looking only to the TAC as the Court must on a motion to strike,[2] the Court concludes the class allegations are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Although defendants indicate possible obstacles to certifying the proposed classes, they fail to show the Court should strike the class allegations at this early stage of the proceedings. Defendants' arguments are more appropriately addressed at the class certification stage after the parties have had an chance to conduct full discovery and plaintiffs have filed a motion for class certification. Consequently, defendants' motion to strike the class allegations is **DENIED** without prejudice. Defendants may file a motion to strike the class allegations at the close of discovery or once a motion for class certification has been filed.

Contrary to defendants' assertion, the Supreme Court's recent decision in *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016) does not alter the analysis. In *Spokeo*, defendants challenged the standing of the named plaintiff. Here, by contrast, defendants seek to challenge the standing of absent class members. As discussed above, such arguments are suited for determination at class certification, not on a motion to strike.

**I.  CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** defendant's motion to strike.

This Order terminates Docket No. 51.

**IT IS SO ORDERED**.

Dated: October 12, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Defendants submitted declarations and accompanying exhibits to support their motion. Plaintiffs object to this evidence, arguing it is not appropriate for the Court to consider evidence not subject to judicial notice on a motion to strike. The Court agrees and plaintiffs' objections are **SUSTAINED**. *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1170 (C.D. Cal. 2011); *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal.1 995) (the grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed).