# Parasmo Lieberman Law

7400 Hollywood Blvd., #505
Los Angeles, CA 90046
Phone: 646-509-3913
Fax: 877-501-3346

**By ECF Filing**

Honorable Jacqueline Scott Corley					January 12, 2017
Phillip Burton Federal Building and Courthouse
Courtroom F-15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

>	Re:	*Slovin v. Sunrun,* No. 15-cv-05340 YGR-JSC: Plaintiffs' Letter Brief Requesting Emergency Relief Regarding Manipulated and Altered Evidence Produced By Defendants

Dear Judge Jacqueline Scott Corley:

Plaintiffs submit this letter brief requesting emergency relief regarding manipulated and altered evidence produced by Defendants Sunrun, Inc. and Clean Energy Experts, LLC ("Defendants"). Plaintiffs met and conferred with Defendants prior to submitting this letter. Declaration of Grace E. Parasmo ("Parasmo Decl.") ¶¶ 3-5. Plaintiffs believe that, under the Court's Standing Order, this is a rare circumstance where a joint letter brief is not practicable because there is an imminent danger that delay may result in further spoliation of evidence, the scope of which is presently unknown.

>	A.	**Extenuating Circumstances Requiring Emergency Relief**

This is a putative class action arising out of incessant, autodialed solar telemarketing calls made to Plaintiffs and homeowners nationwide by and on behalf of Defendants in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants are both lead generators/telemarketers and solar providers. Defendants compensate third parties to initiate illegal telemarketing calls, read a preapproved script, and transfer the calls directly to Defendants or another solar company. Dkt. 46,¶ 56. Defendants profit by converting the lead into a sale of their own solar products or by selling the lead to another solar provider. Dkt. 41,¶¶ 37-41. Defendants and their agents do not obtain prior express consent and they make these calls in complete disregard for the National Do Not Call list and consumers' repeated demands to be placed on a company Do Not Call list. Dkt. 41,¶ 2.

Plaintiffs believe that key evidence in this case—a recording of a call made to Plaintiff Samuel Katz after the lawsuit was filed—has been brazenly tampered with and manipulated. On January 6, Defendants produced the audio recording (document DEFS0004093) along with approximately 2,200 pages. The recording's metadata appears to have been removed, so the date, time and identity of the calling party were not identifiable from the recording. Mr. Katz recognizes the call to be an unsolicited solar telemarketing call, which he contemporaneously recorded when he received it on November 1, 2016, seven months after he joined the lawsuit. Declaration of Samuel Katz ("Katz Decl."), ¶¶ 3-4. When one compares the two recordings (for e.g., the timing and sequence of verbatim questions and responses and the tone and voice inflection of the speakers, inter alia), it is self-evident that the calls are identical, except that a person knowingly and willfully deleted substantial portions in the version produced by Defendants in a deliberate effort to obstruct justice and destroy, tamper with, and/or falsify evidence. Further, the deletions were done so seamlessly that on listening to Defendants' produced recording, one would not know that parts of the audio had been spliced out.

The deleted portions of the produced recording are unfavorable to Defendants. For example, in deleted parts of the recording, the caller stated that he was calling from the "Massachusetts State Solar Initiative," a government-sponsored program. Parasmo Decl., ¶ 6. When Mr. Katz asked for the address, the caller provided a false company address in Massachusetts. *Id.* This demonstrates the obfuscation and lack of transparency Defendants and their agents employ in aggressive telemarketing campaigns that use fake names and addresses

*Slovin v. Sunrun*, No. 15-cv-05340 YGR-JSC
January 12, 2017
Page 2

to evade detection and liability. Such conduct also violates the TCPA's implementing regulation. See 47 C.F.R. § 64.1200(d)(4) (requiring telemarketers to provide the name and address of the person on whose behalf the call is made). In addition, the recording produced by Defendants omits the segment where Mr. Katz was live transferred to a solar company. Parasmo Decl., ¶ 6.

After being informed about the evidence tampering, Defendants' counsel stated that the recording was obtained from Defendants' telemarketing vendor, Clark Outsourcing. Parasmo Decl., ¶ 4. Defendants have not explained the reason that the audio file was manipulated. It also appears that Defendants are trying to pass off the altered November 1st recording as an April 18, 2016 call (also post-litigation) that was initiated by their agent and live transferred to Defendants. Because Defendants have sufficient control over their vendors to obtain the audio file, and Defendants own databases contain at least the segment of the audio recording after Mr. Katz was transferred to Defendants, any suggestion by Defendants that they have no control over the vendor or are not culpable for this manipulation of evidence lacks merit.

    **B.**    **Relief Sought**

Such misconduct gives Plaintiffs serious concerns about the integrity of call recordings and call detail records (CDRs), i.e., call metadata, for calls to Plaintiffs and Class Members, which are typically created and maintained in the same databases controlled by Defendants. Therefore, Plaintiffs seek an order granting the following relief:

    1.    Authorizing expedited discovery, to be paid at Defendants' expense, focused on (a) the chain of custody protocols and records for the altered recording; (b) the protocols and methods used to create, store, maintain, collect, preserve, transport, and produce the call recordings and CDRs for calls to Plaintiffs and Class Members; (c) identification of persons tasked to perform these functions; (d) Defendants' efforts to ensure the integrity of the process and that documents are not altered or deleted; (e) and providing that any depositions and interrogatories taken in such discovery not count toward the limits under federal and local rules; and

    2.    Authorizing an independent computer expert to conduct forensic imaging and searching of the systems, databases, or servers that host or store the above call recordings and CDRs at Defendants' cost.

    3.    Requiring Defendants to obtain all data from their vendors with respect to all calls made for Defendants' campaigns to Plaintiffs and Class Members.

    **C.**    **Good Cause Exists for the Relief Sought**

Good cause exists for expedited discovery to determine the scope of and prevent further spoliation. Prejudice to Defendants is minimal as they control their agents and obtained CDRs and calls recordings from them. *See Semitool, Inc. v. Tokyo Electron Am.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)

Prompt forensic imaging and searching of the systems or databases that host or store call recordings and CDRs is crucial to preserve the current state of these systems or databases, which are susceptible to corruption and overwriting though normal use—let alone through intentional alteration—and to analyze whether data has been deleted or altered. *See Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 5 (D.D.C. 2009) (plaintiff was entitled to conduct forensic image and search of database servers of defendant customer lead generation services provider that had allegedly misappropriated plaintiff's proprietary customer lead information and shared it with competitors at defendant's cost); Fed. R. Civ. P. 34(a)(1) (party may request permission to "inspect, copy, test, or sample [ESI]").

*Slovin v. Sunrun*, No. 15-cv-05340 YGR-JSC
January 12, 2017
Page 3

                                Respectfully submitted,

                                <u>/s/Grace E. Parasmo</u>
                                Grace E. Parasmo

Enc. (Disk with audio files submitted with chambers copy)