1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  LYNN SLOVIN, ET AL.,  Case No.15-cv-05340-YGR (JSC)
8  Plaintiffs,
9  v.  **ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**
10 SUNRUN, INC., et al.,  Re: Dkt. Nos. 99 & 101
11 Defendants.

Now pending before the Court are Administrative Motions to Seal filed in connection with the parties' June 1, 2017 Joint Discovery Letter Brief. (Dkt. Nos. 99 & 101.) Under Local Rule 79-5(a) sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79–5(a). A party must "narrowly tailor" its request to sealable material only. *Id.*

Plaintiffs seek sealing of Exhibits C and E to the letter brief because Defendants designated these documents as confidential pursuant to the parties' protective order. Under Civil Local Rule 79-5(e)(1) Defendants were therefore required within "4 days of the filing of the Administrative Motion to File Under Seal... [to file] a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Defendants have failed to do so. Accordingly, Plaintiffs' Administrative Motion to Seal is DENIED. (Dkt. No. 99.)

Defendants seek sealing of portions of the Declaration of Lauri A. Mazzuchetti and Exhibits 2, 3, and 4 thereto. Defendants contend that portions of the Mazzuchetti Declaration and Exhibits 2-3 contain proprietary business and calling records of Defendants "disclosure of which might place Defendants at a disadvantage with respect to their existing and potential competitors,

who would gain access to marketing and lead information contained therein." (Dtk. No. 101 at ¶ 3; Dkt. No. 1-101-1 at 2:24.) Defendants also seek sealing of Exhibit 4 which is Plaintiff Samuel Katz's Second Supplemental Response to Defendant Sunrun Inc.'s First Set of Interrogatories. (Dkt. No. 101-4.) Defendants' motion to seal is neither narrowly tailored nor does it describe with sufficient particularity the confidential business information which is properly sealable. The Court agrees that Exhibit 2, which appears to be a screenshot of Defendants' database, contains proprietary business information; however, the same cannot be said for the Mazzuchetti Declaration or Exhibit 3 to the deposition testimony of Matthew James Snider. Likewise, although Defendants contend that sealing of Exhibit 4 is appropriate because it contains Plaintiff's phone number, the exhibit is 13 pages long and contains lots of information that is not confidential. Accordingly, Defendants' motion to seal is DENIED without prejudice to renewal on a proper showing as to the Mazzuchetti Declaration, Exhibit 3, and Exhibit 4. The motion is granted as to Exhibit 2.

This Order disposes of Docket Nos. 99 and 101.

**IT IS SO ORDERED.**

Dated: June 13, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge