PARISI & HAVENS LLP
David C. Parisi (SBN 162248)
Suzanne Havens Beckman (SBN 188814)
212 Marine Street, Suite 100
Santa Monica, CA 90405
Telephone: (818) 990-1299
Facsimile: (818) 501-7852
dparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, Justin Birkhofer on their own behalf, and on behalf of all others similarly situated*

KELLEY DRYE & WARREN LLP
 Lauri A. Mazzuchetti (*pro hac vice granted*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile:   (973) 503-5950
lmazzuchetti@kelleydrye.com

*Attorneys for Defendants Sunrun Inc. Inc. and Clean Energy Experts, LLC*

[other counsel in signature block]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. 4:15-cv-05340-YGR<br><br>(Hon. Yvonne Gonzalez Rogers)<br><br>**STIPULATION TO CONTINUE DATES**<br><br>TAC Filed:       July 12, 2016<br>Trial Date:      None Set |

STIPULATION TO CONTINUE DATES

4816-7323-5020

Plaintiffs Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer ("Plaintiffs") and Defendants Sunrun Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") ("Defendants") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

**1.   Background**

    a.   On February 28, 2017, the Court entered an order continuing deadlines for the motion for class certification and the exchange of expert reports to permit the parties sufficient time to prepare for a private mediation (the "Order") (ECF No. 84). The parties attended a private mediation on March 7, 2017 before the Hon. Edward Infante, Ret., and while the mediation was productive, the mediation did not result in a settlement.

    b.   The Order provided deadlines for Plaintiffs and Defendants to exchange expert reports on May 26, 2017 and June 26, 2017, respectively. Prior to the mediation, Plaintiffs retained Anya Verkhovskaya and Randall Snyder to provide expert testimony in support of Plaintiffs' planned class certification motion on topics including methodologies for ascertaining the class members and whether Defendants and their vendors used automatic dialing systems. Plaintiffs' experts have continued to analyze Defendants' calls records, call records produced by third party vendors, lead data provided by Defendants, and the recently completed Rule 30(b)(6) depositions. However, Plaintiffs' experts need additional time to analyze additional documents and other evidence that Plaintiffs received in the last two months or so. Likewise, the parties have otherwise diligently worked on class discovery: extensive written discovery (including ongoing productions by non-party vendors under Plaintiffs' subpoenas); and ten (10) depositions (including depositions of Plaintiffs and Defendants' 30(b)(6) witnesses) that started in February 2017. Defendants' most recent Rule 30(b)(6) deposition was on June 16, 2017.

    c.   However, despite the parties' very concerted efforts, the Order's current schedule is no longer feasible because of ongoing class related discovery.  As such, there is good cause to continue the schedule in the Order.

**2.     The Parties' Agreement to A Short Extension of the Deadlines on Plaintiffs' Expert Report**

a.     The parties attempted to schedule Defendants' Rule 30(b)(6) depositions on topics necessary for Plaintiffs' expert reports well prior to the May 26 deadline. However, the parties were not able to find a mutually agreeable time for these Rule 30(b)(6) witnesses, until April 26, May 17, May 19, June 15, and June 16. Both parties recognized this delay would impact Plaintiffs' ability to serve timely expert reports as well as Defendants' ability to exchange rebuttal expert reports. To forestall potential disputes and avoid troubling the Court, the parties agreed that a short delay in exchanging reports would not impact this Court's deadlines and that they would work out a stipulation to seek a formal extension of the schedule if it proved necessary.

**3.     Defendants' Production of CRM Data**

Plaintiffs contend that they need Defendants' customer relationship management ("CRM") data to address limitations in Defendants' call records relevant to class certification. (See ECF No. 98.) While Defendants produced certain CRM data for the named plaintiffs, Plaintiffs argued that they needed additional CRM data for the class members. On May 11 (well before Plaintiffs' May 26 deadline), the parties were in the process of preparing a joint letter brief for a motion to compel additional CRM records from Defendants. On May 15, the Court ordered the parties to meet and confer, in person. (ECF No. 97.) Plaintiffs met and conferred again, and filed their motion to compel on June 1. (ECF No. 98.) On June 8, the Court compelled production of additional CRM data. (ECF No. 104.) Defendants have since produced a significant amount of CRM data, on a rolling basis and completed that production about two weeks ago. Plaintiffs contend that they need the CRM data to prepare their reports because the data contains details about the calls, such as the consumers' phone number and the source of the lead, inter alia. (*See* ECF No. 98.)

**4.     Defendants' Production of Call Records**

a.     Defendants produced the vast majority of their call records in late January 2017. In early-March 2017, Defendants produced additional call records that were located. In late April 2017, Defendants produced records from their Grasshopper system concerning routed calls that were located. These records contained call records relating to Plaintiff Price and putative class members.   It is Plaintiffs' position that the April 2017 production necessitated a deposition of a

Rule 30(b)(6) witness designated on Defendants' use of Grasshopper and the class records it maintained. Defendants have agreed to produce call records from CallFire, one of their dialers in the upcoming weeks but do not have an estimated date for production.  Defendants have not produced any documents from Skype, also used to make outbound calls to consumers during the class period.  The parties are working to obtain these call records through a subpoena process.

   b. Plaintiffs' counsel anticipate that Plaintiffs' experts will need until August 25 to review the many gigabytes of data produced, much of it produced on a rolling basis after the June 8th Motion to Compel Order, to complete their expert reports.  Once Defendants receive Plaintiffs' expert report(s), Defendants will need a minimum of sixty days to provide a responsive expert report, as it takes a significant amount of time to analyze call records.  Defendants do not know which records Plaintiffs have elected to analyze and will not know this information until Defendants receive Plaintiffs' expert report.

   IT IS HEREBY STIPULATED AND AGREED that, subject to Court approval, the current deadlines set in this matter be vacated and re-set as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Plaintiffs' Expert Report Due | May 26, 2017 | August 25, 2017 |
| Defendants' Expert Report Due | June 26, 2017 | October 24, 2017 |
| Rebuttal Expert Reports | July 17, 2017 | November 14, 2017 |
| Deadline to File Class Certification Motion | August 28, 2017 | December 8, 2017 |
| Deadline to File Opposition to Motion to Certify | | January 16, 2018 |
| Deadline to File Reply in Support of Motion to Certify | | January 30, 2018 |
| Class Certification Hearing | October 3, 2017 | February 13, 2018 or such other date convenient with the Court |

DATED:  August 1, 2017    PARISI & HAVENS LLP
            David C. Parisi
            Suzanne Havens Beckman

            PARASMO LIEBERMAN LAW
            Grace E. Parasmo

|   |   |
|---|---|
|   | Yitzchak H. Lieberman |
|   | By: /s/ David C. Parisi |
|   | David C. Parisi |
|   | Attorneys for Plaintiffs |

DATED: August 1, 2017          KELLEY DRYE & WARREN LLP
                               Lauri A. Mazzuchetti
                               Lee S. Brenner
                               Catherine D. Lee

                               By: /s/ Lauri A. Mazzuchetti
                                   Lauri A. Mazzuchetti
                                   Attorneys for Defendants Sunrun Inc. and
                                   Clean Energy Experts, LLC

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this stipulation and have authorized the filing of this stipulation.

DATED: August 1, 2017          PARISI & HAVENS LLP
                               David C. Parisi
                               Suzanne Havens Beckman

                               PARASMO LIEBERMAN LAW
                               Grace E. Parasmo
                               Yitzchak H. Lieberman

                               By: /s/ David C. Parisi
                                   David C. Parisi
                                   Attorneys for Plaintiffs

4
STIPULATION TO CONTINUE DATES