IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 4:15-cv-05340 |

**DECLARATION OF CARLA A. PEAK REGARDING SETTLEMENT NOTICE PLAN**

I, Carla A. Peak, declare as follows:

1. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. I am a Vice President of Legal Notification Services at KCC, LLC ("KCC"). KCC is a national class action notice provider and class administrator with significant experience administering class action settlements. KCC's services include settlement fund escrow and reporting, class member data management, legal notification, call center support, and claims administration.

2. KCC was retained to provide notice and administration services in this matter. This declaration will describe the settlement Notice Plan developed for this case.

**BACKGROUND AND EXPERIENCE**

3. KCC is an experienced national class action notice provider that has implemented more than 6,000 successful class action notice and settlement administration matters and handled thousands of distributions in other contexts. KCC's experience includes many of the largest and most complex settlement administrations of both private litigation and of actions brought by state

and federal government. KCC's services include settlement fund escrow and reporting, class member data management, legal notification, call center support, and claims administration. KCC has extensive experience in all aspects of notice and settlement design and implementation, including in dozens of Telephone Consumer Protection Act ("TCPA") cases such as this. For example:

a) *Abante Rooter & Plumbing, Inc., v. Alarm.com, Inc.*, Case No. 3:15-cv-06314-JCS (N.D. Cal.);

b) *Abdeljalil v. GE Capital Retail Bank*, No. 12-cv-02078 (S.D. Cal.);

c) *Adams v. AllianceOne Receivables Management, Inc.*, No. 08-cv-00248 (S.D. Cal.);

d) *Allen v. JPMorgan Chase Bank*, No. 13-cv-08285 (N.D. Ill.);

e) *Bayat v. Bank of the West*, No. 13-cv-2376 (N.D. Cal.);

f) *Birchmeier et al. v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069 (N.D. Ill.);

g) *Biringer v. First Family Insurance, Inc.*, No. 14-cv-566 (N.D. Fla.);

h) *Boise v. ACE American Insurance Company*, No. 15-cv-21264 (S.D. Fla.);

i) *Charvat v. AEP Energy*, No. 14-cv-3121 (N.D. Ill.);

j) *Charvat v. Travel Services (Carnival)*, No. 12-cv-05746 (N.D. Ill.);

k) *Clark, et al. v. Gannett Co. Inc.*, No. 14-cv-00022 (D. N.J.);

l) *Coffman v. Glide Talk, Ltd.*, No. 13-cv-05190 (N.D. Ill.);

m) *Connor v. JPMorgan*, No. 10-cv-01284 (S.D. Cal.);

n) *Couser v. Comenity Bank*, No. 12-cv-02484 (N.D. Cal.);

o) *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462 (N.D. Ill.);

p) *Crossley et al. v. Joya Communications, Inc.*, No. 16 CH 14771 (Cir. Ct. Cook Cnty., Ill.);

q) *Cummings v. Sallie Mae, Inc.*, No. 12-cv-9984 (N.D. Ill.);

r) *Davenport v. Discover*, No. 15-cv-06052 (N.D. Ill.);

s) *Grannan v. Alliant Law Group, P.C.*, No. 10-cv-02803 (N.D. Cal.);

t) *Guarisma v. Blue Cross Blue Shield of Florida*, No. 13-cv-21016 (S.D. Fla.);

u) *Hageman v. AT&T Mobility LLC*, No. 13-cv-50 (D. Mont.);

v) *Hetherington v. Omaha Steaks*, No. 13-cv-2152 (D. Ore.)

w) *Hibler v. Santander Consumer USA*, No.13-01354 (C.D. Cal.);

x) *In re Life Time Fitness*, MDL No. 2564 (D. Minn.);

y) *In Re Midland Credit Management, Inc. TCPA Litigation*, No. 11-md-2286 (S.D. Cal.);

z) *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W.Va.);

aa) *In re: Portfolio Recovery Associates, LLC TCPA Litigation*, No. 11-md-02295 (S.D. Cal.);

bb) *James v. JPMorgan Chase Bank NA*, No. 15-cv-2424 (M.D. Fla.);

cc) *Jonsson v. USCB, Inc.*, No. 13-cv-8166 (C.D. Cal.);

dd) *Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.);

ee) *Lee v. Global Tel Link Corporation*, No. 15-cv-02495 (C.D. Cal.);

ff) *Lees v. Anthem Ins. Cos., Inc.*, No. 13-cv-01411 (E.D. Mo.);

gg) *Luster v. Duncan Solutions*, No. 14-cv-00112 (N.D. Ga.);

hh) *Luster v. Wells Fargo Dealer Services Inc.*, No. 15-cv-01058 (S.D. Ga.);

ii) *Martin v. Global Marketing Research Services, Inc.*, No. 14-cv-1290 (M.D. Fla);

jj) *Melito v. American Eagle Outfitters*, No. 14-cv-02440 (S.D.N.Y.);

kk) *Mey v. Got Warranty, Inc.*, No. 15-cv-00101 (N.D. W.Va.);

ll) *Mey v. Patriot Payment Group*, No. 5:15-cv-00027 (N.D. W.Va.);

mm) *Newman v. AmeriCredit*, No. 11-cv-3041 (S.D. Cal.);

nn) *Ossola v. American Express Co.*, No. 13-cv-04836 (N.D. Ill.);

oo) *Prater v. Medicredit, Inc.*, No. 14-cv-00159 (E.D. Mo.);

pp) *Prather v. Wells Fargo Bank, N.A.*, No. 15-cv-04231 (M.D. Ga.);

qq) *Reginald Moore v. Family Dollar Stores, Inc.*, No. 14-cv-01542 (E.D. Mo.);

rr) *Rinky Dink Inc. v. World Business Lenders LLC*, No. 14-cv-00268 (W.D. Wash.);

ss) *Sanders v. RBS Citizens*, No. 13-cv-3136 (S.D. Cal.);

tt) *Sherman v. Kaiser Foundation Health Plan, Inc*., No. 13-cv-00981 (S.D. Cal.);

uu) *Shestopal v. Follett Higher Education Group Inc*., No. 15-cv-8980 (N.D. Ill.);

vv) *Steinfeld v. Discover Financial Services*, No. 12-cv-01118 (N.D. Cal.); and

ww) *Thomas v. Dun & Bradstreet Credibility Corp*., 15-cv-03194 (C.D. Cal.).

## NOTICE PROGRAM DETAILS

### *Class Definition*

4. The Settlement Class is defined as all persons in the United States who from November 20, 2011 to August 31, 2018 received from or on behalf of Sunrun and/or CEE, or from a third party generating leads for Sunrun and/or CEE: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or CEE's Internal Do Not Call List more than 30 days before the calls.

5. Excluded from the Settlement Class are (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators (3) Sunrun/CEE, as well as any parent, subsidiary, affiliate or control person of Sunrun/CEE, and the officers, directors, agents, servants or employees of Sunrun/CEE; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom CEE or Sunrun has a record demonstrating "prior express written consent," as defined by the TCPA.

*Data Preparation*

6. Plaintiffs have identified approximately 346,000 telephone numbers associated with potential Settlement Class Members. Some of these telephone numbers have mailing addresses associated with them, however the vast majority are without an associated name or postal address.

7. Counsel has provided KCC with all of the telephone numbers and contact information they have for Settlement Class Members. Once preliminary approval is received, KCC will merge this data into one comprehensive database (the "Notice List").

8. KCC routinely performs reverse directory searches and lookups. This process has been used in dozens of KCC administrations of TCPA matters over the past few years, and has been relied upon by KCC for a number of administrations in for the purpose of notice. KCC will facilitate multiple vendor reverse look-ups to identify names and addresses associated with telephone numbers.

9. Where the initial search does not return a result, KCC will use both a secondary and tertiary reverse directory data vendor to increase the number of search results.

10. Upon completion of the above-referenced searches, KCC will update the Notice List with the information obtained and review the entire Notice List to ensure a single Postcard Notice is mailed per unique phone number.

*Email Notice*

11. KCC will send a Summary Notice via e-mail to every Settlement Class Member for which an e-mail address exists on the Notice List. The Summary Notice content will be included in the body of the e-mail, rather than as an attachment, to avoid spam filters and improve deliverability. The e-mail will contain a link to the case website.

12. The email delivery will be attempted three times. The email campaign will return data regarding the number of emails successfully delivered, email open-rates and email bouncebacks. All Settlement Class Members for which an email address exists will be sent both

an email and postal notice. It is KCCs understanding that email addresses are available for approximately 34% or 119,130 Settlement Class Members.

*Postal Notice*

13. KCC will send a Double-Postcard Notice via United States Postal Service (USPS) to each telephone number for which a postal address has been successfully identified as well as to those telephone number for which a postal address was provided by Counsel.

14. Prior to mailing, the addresses will be checked against the National Change of Address (NCOA)[1] database maintained by USPS; certified via the Coding Accuracy Support System (CASS);[2] and verified through Delivery Point Validation (DPV).[3]

15. Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC will conduct further address searches using credit and other public source databases to attempt to locate new addresses, and will re-mail these notices where possible.

16. The individual notice effort is expected to reach approximately 76% or 263,000 Settlement Class Members.

*Settlement Website*

17. KCC will establish and maintain a case specific website to allow Settlement Class Members to obtain additional information and documents about the Settlement. The Settlement website will allow users to read, download and print the Settlement Agreement, Preliminary Approval Order, Long Form Notice, and Claim Form. Settlement Class Members will also be able to review a list of Frequently Asked Questions and Answers and file a claim online.

---

[1] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[2] Coding Accurate Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[3] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

*Toll-Free Telephone Number*

18. KCC will establish and host a case specific toll-free number to allow Settlement Class Members to learn more about the Settlement in the form of frequently asked questions and answers. It will also allow Settlement Class Members to request to have a Long Form Notice mailed directly to them.

*Settlement P.O. Box*

19. KCC will establish and monitor a Settlement mailbox where Settlement Class Members may submit hard copy Claim Forms, exclusion requests, objections, and other case correspondence.

*Administration Costs*

20. The estimated cost of the Notice Plan, including administration, is estimated to be between $390,000-$485,000 depending on the total number of claims filed.

**CONCLUSION**

21. The proposed Notice Plan is consistent with other effective settlement notice programs, as well as the reach guidelines set forth in the Federal Judicial Center's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*. It provides the best notice practicable under the circumstances and meets the "desire to actually inform" due process communications standard of *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of September 2018, at Sellersville, Pennsylvania.

*Carla Peak*

Carla A. Peak