1

2

3

4

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13 LYNN SLOVIN, an individual, on her own
behalf and on behalf of all others similarly
14 situated,

15              Plaintiff,

16        v.

17
SUNRUN, INC., a California corporation,
18 CLEAN ENERGY EXPERTS, LLC, a
California limited liability company doing
19 business as SOLAR AMERICA, and DOES 1
through 5, inclusive,
20
21              Defendants.

22

Case No. 4:15-cv-05340-YGR

Hon. Yvonne Gonzalez Rogers

**AMENDED ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND
JUDGMENT**

23

24

25

26

27

28

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiffs Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer (collectively "Plaintiffs" or "Representative Plaintiffs"), Sunrun, Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") (collectively, "Sunrun/CEE" or "Defendants"), and the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on January 29, 2019 (the "Preliminary Approval Order," Dkt. No.196). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice and Long Form Notice on the Settlement Website and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

On July 9, 2019, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiffs and Defendants should be approved by this Court. Counsel for the Plaintiffs and the Settlement Class and counsel for Defendants appeared at the hearing. No persons appeared to object to the settlement.

After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court **ORDERS** as follows:

1.     This Final Approval Order and Judgment incorporates the terms of the Stipulation and Agreement of Settlement, the Amendment to Stipulation and Agreement of Settlement, and all exhibits thereto (attached hereto as **Exhibits 1 and 2**) (collectively, "the Settlement Agreement").

2.     The Court has personal jurisdiction over all Settlement Class Members and Defendants, and the Court has subject matter jurisdiction to approve the Settlement Agreement.

3.     Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

"Settlement Class" means all persons in the United States, from November 20, 2011

to August 31, 2018, who received from or on behalf of Sunrun and/or CEE, or from a third party generating leads for Sunrun and/or CEE: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or CEE's Internal Do Not Call List more than 30 days before the calls.

The class definition excludes the following:

(1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun/CEE, as well as any parent, subsidiary, affiliate or control person of Sunrun/CEE, and the officers, directors, agents, servants or employees of Sunrun/CEE; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom CEE or Sunrun has a record demonstrating "prior express written consent," as defined by the TCPA.

Those individuals who submitted a timely request for exclusion from the Settlement Class are listed in **Exhibit 3** hereto.

4.      The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Representative Plaintiffs are typical of the claims and defenses of the Settlement Class Members they represent; the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, and the mediation and negotiation process overseen by the Honorable Edward A. Infante (Ret.), JAMS mediator Bruce Friedman, Esq., and Magistrate Judge Jacqueline Scott Corley.

5.      The Settlement Agreement was reached after arm's-length negotiations between the

Representative Plaintiffs, Defendants, and their respective counsel.

6.      The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiffs, Defendants, and the Settlement Class Members.

7.      Each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section 8 of the Settlement Agreement.

8.      The Court finds that in negotiating, entering into, and implementing the Settlement, the Representative Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

9.      The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

10.     The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Representative Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

11.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or

expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

12.     The Representative Plaintiffs, Defendants, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

13.     All claims against Defendants asserted in this Action, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

14.     The releases set forth in Section 8 of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement, Representative Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective assigns, heirs, executors, administrators, successors, and agents, and representatives, fully and finally release, as of the date the Final Approval Order and Judgment becomes Final, Sunrun/CEE and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Released Claims.

15.     The Court hereby **GRANTS** Class Counsel's request for an Incentive Award for the Representative Plaintiffs in the amount of $40,000.00 to each of the four named plaintiffs, Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer, for a total of 160,000.00.

16.     The Court has considered Class Counsel's Motion for an Award of Attorney's Fees

and Costs and additionally **GRANTS** as reasonable and justified Class Counsel's request for Attorney's Fees of $1,900,000.00 and out of pocket costs incurred of $470,610.87.

17.     The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18.     This Settlement Fund will constitute Sunrun/CEE's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to Electronic Frontier Foundation pursuant to the procedures described in Section 7.4 of the Settlement Agreement. No portion of the Settlement Fund will be returned to Sunrun/CEE, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

19.     Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20.     If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible; and if not so feasible, (b) to Electronic Frontier Foundation, the *cy pres* designated recipient as appointed by the Court. No portion of the Settlement Fund will be returned to Sunrun/CEE, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

21.     The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22.     Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or

any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants.

23.     In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

24.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendants or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

25.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement.  Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

26.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED:____July 19, 2019_____

Yvonne Gonzalez Rogers
United States District Court Judge

# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,

          Plaintiff,

     v.

SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1-5, inclusive,

          Defendants.

Case No. 4:15-cv-05340-YGR

**Hon. Yvonne Gonzalez Rogers**

## STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby stipulated and agreed by and among the undersigned Parties (defined below), subject to the approval of the Court, that the settlement of this Action (defined below) shall be effectuated pursuant to the terms and conditions set forth in this Stipulation and Agreement of Settlement (the "Agreement" or "Settlement Agreement").

## 1.  RECITALS

1.1  *Slovin, et al. v. Sunrun, Inc. et al.,* No. 4:15-cv-05340-YGR (the "Action"), was filed November 20, 2015, and is currently pending before the Honorable Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California.  The Complaint in the Action alleges claims against Sunrun, Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") (collectively, "Sunrun/CEE" or "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* alleging that either Sunrun, CEE or third parties allegedly

acting on one or both of their behalves, placed unsolicited telemarketing calls to Representative Plaintiffs (defined below) and members of the putative class (a) on telephone numbers assigned to wireless subscribers using an automatic telephone dialing system ("ATDS"), and/or (b) on telephone numbers on the National Do Not Call Registry ("NDNCR") and/or Sunrun's/CEE's internal do not call lists; and/or (c) using prerecorded voices.

1.2     Sunrun/CEE dispute the allegations in the Complaint and maintain that they complied with the TCPA and all applicable laws.  Sunrun/CEE also maintain that if this case were to be litigated, it would not be appropriate for class treatment.  The Parties are entering into this Agreement to avoid the risk and expense of further litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present or future.

1.3     This Settlement Agreement is the result of good faith, arm's-length settlement negotiations that took place over many months.  The Parties have exchanged information (including through significant discovery, including multiple depositions, and after litigating multiple discovery disputes); have participated in extensive mediations under the guidance of the Honorable Edward A. Infante (Ret.), JAMS mediator Bruce Friedman, Esq., and Magistrate Judge Jacqueline Scott Corley; and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

1.4     The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part

of any Party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.5     The Parties hereby stipulate and agree that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Action shall be fully and finally settled and the Action dismissed with prejudice under the following terms and conditions:

## 2.     DEFINITIONS

2.1     As used herein, the following terms have the meanings set forth below.

2.1.1     "Action" means the civil action entitled *Slovin, et al. v. Sunrun, Inc. et al.,* No. 4:15-cv-05340-YGR (N.D. Cal.).

2.1.2     "Agreement" or "Settlement Agreement" means this Stipulation and Agreement of Settlement, including all attached and/or incorporated exhibits.

2.1.3     "Aggregate Fees, Costs, and Expenses" means the aggregate Fee Award, the Settlement Administration Costs and any Incentive Awards.

2.1.4     "Approved Claim" means a claim submitted by a Settlement Class Member to the Settlement Administrator that is: (a) received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the instructions set forth on the Claim Form; (c) signed by the Settlement Class Member, physically or electronically; and (d) approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under this Agreement and the Final Approval Order.

2.1.5 "Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded by the Court as per the Settlement of this Action pursuant to the Fee and Cost Application.

2.1.6 "Benefit Check" means the negotiable check(s) to be sent to the Settlement Class Members pursuant to Section 4 herein.

2.1.7 "CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Paragraph 6.4.

2.1.8 "Claims Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.9 "Cash Benefit" is defined in Paragraph 4.2.1.

2.1.10 "Claim Form" means the document to be submitted by a Claimant seeking payment pursuant to this Settlement, substantially in the form of Exhibit A attached hereto.

2.1.11 "Claimant" means a Settlement Class Member who submits a Claim Form.

2.1.12 "Class Counsel" means Parasmo Lieberman Law and Parisi & Havens LLP.

2.1.13 "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Direct Mail Notice and the Long Form Notice.

2.1.14 "Class Period" means the period from November 20, 2011 through August 31, 2018.

2.1.15 "Court" means the U.S. District Court for the Northern District of California.

2.1.16 "Complaint" means the Third Amended Complaint filed in the Action.

4

2.1.17 "Defendants" means collectively, Sunrun and CEE, as well as their respective officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing persons and entities who placed calls to the Settlement Class that related in any way to Sunrun and/or CEE.

2.1.18 "Defense Counsel" means Sunrun's and CEE's counsel of record in the Litigation, Kelley Drye & Warren LLP.

2.1.19 "Direct Mail Notice" or the "Short Form Notice" means the written notice that will be mailed and emailed to the Settlement Class Members by the Settlement Administrator and will be substantially in the form of Exhibit B attached hereto.

2.1.20 "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Final Approval Order and Judgment substantially in the form of Exhibit C attached hereto; and (b) the Final Approval Order and Judgment have both become Final.

2.1.21 "Fee Award" means the amount of attorneys' fees and reimbursement of expenses that is ultimately awarded by the Court to be paid out of the Settlement Fund.

2.1.22 "Fee and Cost Application" means that written motion or application by which Plaintiffs and/or Class Counsel request that the Court award Attorneys' Fees and Costs and any Incentive Awards.

2.1.23 "Final" means one business day following the latest of the following events: (i) the expiration of three (3) business days after the time to file a motion to alter or amend a

judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to file an appeal has passed without any appeal having been taken; and (iii) the resolution of any appeal in a manner that does not reverse or vacate the Judgment and in a manner that permits the consummation of the Settlement substantially in accordance with the terms and conditions of this Agreement. Any proceeding or order, or any appeal pertaining solely to any request or portion of an order regarding the Fee Award will not in any way delay or preclude the Judgment from becoming Final.

2.1.24 "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Order is issued and Settlement Class Members have been given reasonable notice and an opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

2.1.25 "Final Approval Order" means an Order, substantially in form of Exhibit C attached hereto, providing for, among other things, final approval of the Settlement.

2.1.26 "Incentive Awards" shall mean the payments awarded by the Court to the Representative Plaintiffs, as set forth in Paragraphs 5.2 and 5.3.

2.1.27 "Internal Do Not Call List" means the lists maintained by Sunrun/CEE to identify those who have notified Sunrun/CEE that they do not wish to receive marketing calls from Sunrun/CEE.

2.1.28 "Judgment" means the judgment to be entered by the Court pursuant to the Settlement.

2.1.29 "Litigation" means the legal proceedings in the Action.

2.1.30 "Long Form Notice" means the notice that shall be made available on the Settlement Website, in the form attached hereto as Exhibit D.

2.1.31 "Mediators" shall mean the Hon. Edward Infante (Ret.) and Bruce Friedman, Esq. of JAMS, Inc.

2.1.32 "NDNCR" means the National Do Not Call Registry.

2.1.33 "Notice Date" means the first date on which the Class Notice is disseminated pursuant to the Notice Plan.

2.1.34 "Notice Plan" shall mean the plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court.

2.1.35 "Objection Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.36 "Opt-Out Deadline" means the date that is ninety (90) days after the Notice Date.

2.1.37 "Parties" means, collectively, Representative Plaintiffs, Sunrun and CEE.

2.1.38 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's heirs, predecessors, successors, representatives, and assigns.

2.1.39 "Plaintiffs" or "Representative Plaintiffs" means Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer

2.1.40 "Preliminary Approval Order" means the Order, substantially in the form of Exhibit E attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator. The form of the Preliminary Approval Order is a material term of this Settlement Agreement.

2.1.41 "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits of the Releasing Parties, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever that were brought in the Litigation or could have been brought in the Litigation relating in any way to calls by, from, or on behalf of Sunrun or CEE or from a third party generating leads for Sunrun or CEE, including but not limited to claims for any alleged TCPA violation or any other telephone or telemarketing-related federal, state or local law, regulation or ordinance, and claims that in any way relate to automated calls (*e.g.,* those made using an ATDS and/or artificial or prerecorded voice).

2.1.42 "Released Parties" means Sunrun and CEE, as well as each, any and all of their respective heirs, executors, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint ventures, entities in which Sunrun and/or CEE has a controlling interest, holding companies, employees, agents, servants, trustees, vendors, subcontractors, buyers, representatives, experts consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers,

underwriters, shareholders, auditors, legal representatives, successors in interest, affiliates, trusts, and corporations, and each and all of the past and present officers, directors, principals, representatives, employees, agents, shareholders, attorneys, successors, executors, and assigns of any of the foregoing Persons or entities who placed calls to the Settlement Class that related in any way to Sunrun and/or CEE.

2.1.43 "Releasing Parties" means: (a) Representative Plaintiffs; (b) Settlement Class Members who do not timely opt out of the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns of each of them, and any other representative of any of the foregoing Persons.

2.1.44 "Settlement" means the settlement set forth in this Agreement.

2.1.45 "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, including but not limited to, the fees and costs of disseminating all Class Notice, effectuating CAFA Notice, publishing Class Notice, administering and maintaining the Settlement Website, and delivering Benefit Checks to Settlement Class

Members, but specifically excluding the payment of all cash benefits, payment of any Incentive Awards, and payment of the any amounts awarded pursuant to the Fee and Cost Application.

2.1.46 "Settlement Administrator" means Kurtzman Carson Consultants (KCC).

2.1.47 "Settlement Class" means all persons in the United States, from November 20, 2011 to August 31, 2018, who received from or on behalf of Sunrun and/or CEE, or from a third party generating leads for Sunrun and/or CEE: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or CEE's Internal Do Not Call List more than 30 days before the calls. The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun/CEE, as well as any parent, subsidiary, affiliate or control person of Sunrun/CEE, and the officers, directors, agents, servants or employees of Sunrun/CEE; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom CEE or Sunrun has a record demonstrating "prior express written consent," as defined by the TCPA.

2.1.48 "Settlement Class Member" means a person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in Paragraph 9.4.

2.1.49 "Settlement Fund" means the fund into which Sunrun/CEE will transfer funds to cover all costs, expenses, and fees associated with the Settlement according to the terms set forth in this Agreement.

2.1.50 "Settlement Website" means the website established and maintained by the Settlement Administrator pursuant to Paragraph 6.3.

2.1.51 "Settling Parties" means, collectively, Sunrun, CEE, Representative Plaintiffs, and all Settlement Class Members.

2.1.52 "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

2.1.53 "Total Class Member Benefits Payout" is defined in paragraph 4.2.1.

2.1.54 The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

2.1.55 When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

## 3. ALL PARTIES AGREE THAT THEY RECOMMEND APPROVAL OF THE SETTLEMENT

3.1 Sunrun/CEE's Position On The Conditional Certification Of Settlement Class. Sunrun/CEE dispute that a class would be manageable and further deny that a litigation class properly could be certified on the claims asserted in this Litigation. Solely for purposes of avoiding the expense and inconvenience of further litigation, however, Sunrun/CEE do not oppose the certification of the Settlement Class for the purposes of this Settlement only. Preliminary certification of the Settlement Class will not be deemed a concession that certification of a litigation class is appropriate, nor would Sunrun/CEE be precluded from challenging class certification in further proceedings in this Litigation or in any other action if the Settlement Agreement is not finalized or finally approved. If for any reason whatsoever the Court does not

11

enter the Final Approval Order or the Settlement Agreement does not become Final, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Litigation or any other judicial proceeding. No agreements made by or entered into by Sunrun/CEE in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member, or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Litigation or any other judicial proceeding.

3.2 <u>Plaintiffs' Position on the Merits of Case.</u> Plaintiffs' position is that the claims asserted in this Litigation have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendants have asserted.

3.3 <u>Plaintiffs Recognize The Benefits Of Settlement.</u> Plaintiffs recognize and acknowledge that the expense and amount of time which would be required to continue to pursue this Litigation against Defendants, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiffs have concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiffs and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

## 4. SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF

In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Releases in Section 8 below, and subject to the Court's approval, the Parties agree to the following relief:

4.1     Settlement Fund.  As of the Effective Date, Sunrun/CEE will become obligated to deposit a total of $5,500,000 into the Settlement Fund, subject to the schedule and terms described below.  The Settlement Fund will be maintained by the Settlement Administrator for the benefit of the Settlement Class and Class Counsel.  All of the monies deposited by Sunrun/CEE into the Settlement Fund will be placed in an interest bearing escrow account established and maintained by the Settlement Administrator.  The interest generated, if any, will accrue to the benefit of the Settlement Class and will be added into the Settlement Fund.  Sunrun/CEE shall make deposits into the Settlement Fund in accordance with the following schedule:

4.1.1     Within fifteen (15) days of the entry of the Preliminary Approval Order, Sunrun/CEE will disburse to the Settlement Administrator two hundred fifty thousand dollars ($250,000.00) of the Settlement Fund to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, establish and maintain a toll-free number for questions by Settlement Class Members, as well as any other initial administration costs to the Parties.  To the extent that additional Settlement Administration Costs are incurred after this initial payment, but before the Effective Date, the Settlement Administrator may bill, and Sunrun/CEE shall pay, such additional costs.  For any costs of Settlement Administration that are paid by Sunrun/CEE, Sunrun/CEE shall receive a credit against the total amounts required to be paid into the Settlement

Fund, such that the total amount paid by Sunrun/CEE shall equal, but in no circumstances exceed, $5,500,000.

        4.1.2    All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Sunrun/CEE (by their counsel) and Class Counsel.

        4.1.3    Sunrun/CEE will disburse to the Settlement Administrator the remainder of the Settlement Fund within fifteen (15) days following the Effective Date.

    4.2    Payments from the Settlement Fund.

        4.2.1    The total amount distributed to the Settlement Class (the "Total Class Member Benefits Payout") shall be the Settlement Fund and any earnings thereon, less the Settlement Administration Costs and amount awarded by the Court for Attorney's Fees and Costs to Class Counsel and any Incentive Awards. The Total Class Member Benefits Payout shall be distributed to Settlement Class Members who file an Approved Claim on a *pro rata* and equal basis. Each Settlement Class Member shall be entitled to submit only one claim, and only one claim can be made per telephone number, regardless of the number of calls to that phone number. Each Settlement Class Member who files an Approved Claim shall be paid, by a Benefit Check, a cash benefit (the "Cash Benefit") that shall be equal to the Total Class Member Benefits Payout divided by the total number of Approved Claims.

        4.2.2    Adequate and customary procedures and standards will be used by the Settlement Administrator to determine Approved Claims, to prevent the payment of fraudulent claims and to pay only legitimate claims. All claims are subject to verification by Sunrun/CEE and Class Counsel review. All Settlement Class Members are required to provide or submit certain

information to verify that they are appropriately claiming a benefit as set forth in the "Claims Process" section below.

4.2.3 Payments will be made directly to the Settlement Class Members by the Settlement Administrator.

4.2.4 If any Benefit Checks are returned, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member. If, after a second mailing, the Benefit Check is again returned, no further efforts need be taken by the Settlement Administrator to resend the Benefit Check.

4.2.5 The Benefit Checks shall state that they are invalid after 180 calendar days from the date of the check. If any Settlement Class Member fails to negotiate a Benefit Check within that that period of time, that Settlement Class Member shall forever waive and release his, her or its claim for payment under this Agreement.

4.2.6 If any amounts remain in the Settlement Fund because Settlement Class Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefit Checks, to the extent such a distribution is administratively and economically feasible, and if not so feasible; (b) to Electronic Frontier Foundation or another *cy pres* designated recipient, as approved by the Court.

4.2.7 Any distribution of the Settlement Fund to the Settlement Class Members or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date. The Aggregate Fees, Costs, and Expenses, as well as any Incentive Awards, shall be paid from the Settlement Fund prior to any distribution of Benefit

Checks to the Settlement Class. The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

4.2.8    No portion of the Settlement Fund will be returned to Sunrun/CEE, except as provided in Section 11, Termination of the Agreement.

4.2.9    If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, Sunrun/CEE shall have no obligation to make payments or distributions of any kind, other than payments to the Settlement Administrator for services rendered and costs incurred.

## 5.    ATTORNEYS' FEES, COSTS AND PAYMENT TO PLAINTIFF REPRESENTATIVES

5.1    <u>Attorneys' Fees and Costs</u>.  Class Counsel will file a Fee and Cost Application with the Court for an award of Attorneys' Fees and Costs to be paid from the Settlement Fund.  Class Counsel will be entitled to payment of the Attorneys' Fees and Costs awarded by the Court out of the Settlement Fund within twenty (20) calendar days of the Effective Date.  The Parties have not reached any agreements concerning the award of Attorneys' Fees and Costs.

5.2    <u>Payment of Any Incentive Awards to the Representative Plaintiffs</u>.    The Representative Plaintiffs will ask the Court to award them each an Incentive Award for the time and effort that they have invested in the Action.  The Parties have not reached any agreements concerning the award of Incentive Awards, though Class Counsel has indicated that the Representative Plaintiffs will each seek up to $40,000 for individual incentive awards.  Within twenty (20) calendar days after the Effective Date, and after receiving W-9 forms from the Representative Plaintiffs, the Settlement Administrator shall disburse such funds to the Representative Plaintiffs as awarded by the Court.

5.3     Settlement Independent of Award of Fees, Costs and Incentive Awards.    The

payments of Attorneys' Fees and Costs and any Incentive Awards set forth in Sections 5.1 and 5.2

are subject to and dependent upon the Court's approval as fair, reasonable, adequate, and in the

best interests of Settlement Class Members.    This Settlement, however, is not dependent or

conditioned upon the Court's approving Plaintiffs' and/or Class Counsel's requests for such

payments or awarding the particular amounts sought by Plaintiff and/or Class Counsel.    In the

event the Court declines Plaintiffs' and/or Class Counsel's requests or awards less than the

amounts sought, this Settlement will continue to be effective and enforceable by the Parties.

## 6.      SETTLEMENT ADMINISTRATION AND CLASS NOTICE

6.1     All costs and expenses of administering the Settlement and providing reasonable

Class Notice in accordance with the Preliminary Approval Order shall be paid out of the Settlement

Fund.

6.2     Responsibilities of Settlement Administrator

6.2.1    The Settlement Administrator will facilitate the notice process by assisting

the Parties in the implementation of the Notice Plan, as well as CAFA Notice.

6.3     Settlement Website

6.3.1    The Settlement Administrator will create and maintain the Settlement

Website, to be activated within 30 days of Preliminary Approval.  The Settlement Administrator's

responsibilities will also include securing an appropriate URL, with approval by the Parties.  The

Settlement Website will contain information about the Settlement and case-related documents such

as the Settlement Agreement, Long-Form Notice, Claim Form, Direct Mail Notice and the

Preliminary Approval Order.  Settlement Class Members shall have the option to file a claim

electronically using the Settlement Website.

6.3.2    The Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator sixty (60) days after either (a) the Effective Date; or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full.  The Settlement Administrator will then transfer ownership of the URL to Sunrun.

6.3.3    All costs and expenses related to the Settlement Website shall be paid out of the Settlement Fund.

6.4    CAFA Notice

6.4.1    The Parties agree that the Settlement Administrator shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

6.4.2    All costs and expenses related to the CAFA Notice shall be paid out of the Settlement Fund.

6.4.3    The Settlement Administrator will file a certification with the Court stating the date(s) on which the CAFA Notices were sent.  Each Party will provide the other Parties with any substantive responses received in response to any CAFA Notice.

6.5    Notice Plan

6.5.1    The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clauses), Cal. Civ. Code § 1781, and any other applicable law, and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court.

6.5.2    The Parties have worked collaboratively together to identify, through reasonable means, the name and contact information, including postal and email addresses, for any person they believe to be a Settlement Class Member.

6.5.3    Subject to Court approval, within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall send Class Notice substantially in the form of the Short Form Notice in Exhibit B, via U.S. Postal Service, to the names and addresses provided by the Parties to the Settlement Administrator.  To the extent that the Parties have provided email addresses for Settlement Class Members to the Settlement Administrator, the Settlement Administrator shall also send a Short Form Notice substantially similar to Exhibit B to the Settlement Class Members; such email notice shall also be sent within thirty (30) days after the Court enters the Preliminary Approval Order.

## 7.    CLAIMS PROCESS

7.1    Submission of Claims.  Settlement Class Members must timely submit, by mail or online, a valid Claim Form substantially in the form attached as Exhibit A by the Claims Deadline. All Claim Forms must be postmarked or submitted to the Settlement Administrator, either in hard copy form or electronically via the Settlement Website, by the Claims Deadline.  A valid Claim Form means a Claim Form containing all required information and which is signed by the Claimant and is timely submitted.  Any Claim Form that is not timely submitted shall be denied.  In the event a Claimant submits a Claim Form by the Claims Deadline but the Claim Form is not complete, then the Settlement Administrator shall give such Claimant a reasonable opportunity (by communicating with the Claimant no less than 45 days before the Effective Date) to provide any requested missing information.  For any Claimant who submits a Claim Form determined by the Settlement Administrator to be incomplete, the Settlement Administrator may mail or email a

notice directly to such Claimant, notifying him or her of the missing information and providing him or her with an opportunity to cure. Claimants must cure incomplete claims on or before the Effective Date.

7.2     Claims Processing.  The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form.  Any Claim Form submitted that does not meet the requirements of this Agreement shall not be eligible to be deemed an Approved Claim.  The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall deny Claim Forms where there is evidence of abuse, fraud, or duplication.  The Settlement Administrator's decisions regarding the Settlement Class Members' eligibility for a claims payment shall be final.  The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

7.3     Payment of Claims.  Within sixty (60) days after the Effective Date or 60 days after the Claims Deadline (whichever is later), or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by Benefit Check made payable to the Settlement Class Member that submitted each Approved Claim, which shall be mailed to those Settlement Class Members via first-class mail.

7.4     All Benefit Checks will state on their face that the check will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that any Benefit Checks expire and become null and void, the Settlement Administrator shall distribute the funds associated with those checks on *a pro rata* basis to Settlement Class Members who submitted an Approved Claim and who cashed their Benefit Checks, if doing so is

administratively and economically feasible (i.e., those Settlement Class Members would receive a second distribution of more than $5 after costs of administration). Any remaining monies, if any, shall be distributed as a *cy pres* award to an organization approved by the Court (as per Section 4.2.6 of this Agreement).

7.5     No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendants as to any matter of fact, law, or evidence having any collateral effect on any claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

## 8.     RELEASES

8.1     Upon Judgment becoming Final, Representative Plaintiffs and each Settlement Class Member will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims.

8.2     After execution of this Settlement Agreement, Representative Plaintiffs and/or Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Representative Plaintiff and Settlement Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claims against the Released Parties, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

8.3     With respect to the Released Claims, Representative Plaintiffs and all Settlement Class Members expressly waive and relinquish any rights or benefits available to them under California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

8.4     Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement Agreement shall be given full force and effect according to each and all of its terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from, or are in any way connected with the Released Claims.

8.5     Upon entry of the Final Approval Order, Representative Plaintiffs and Settlement Class Members are hereby barred against bringing any action or claim against any of the Released Parties for any of the Released Claims.

## 9.     APPROVAL PROCESS

9.1     Court Approval

9.1.1     On September 27, 2018, Class Counsel shall submit the Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a hearing on whether the Settlement should be granted final approval (collectively, "Motion for Preliminary Approval").

9.1.2     In the Motion for Preliminary Approval, Class Counsel shall request that the Court allow for a period of at least one hundred ten (110) days between entry of the Preliminary Approval Order and the Final Approval Hearing.

9.1.3     The date the Motion for Preliminary Approval is filed is the date by which the Settlement shall be deemed "filed" within the meaning of 28 U.S.C. § 1715.

9.1.4    If the Motion for Preliminary Approval is granted, Class Counsel shall be responsible for asking the Court to grant final approval of the Settlement and to enter a Final Approval Order and Judgment, in accordance with the date set by the Court for the Final Approval Hearing.

9.1.5    If the Court does not enter a Preliminary Approval Order or a Final Approval Order and Judgment or if the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  Notwithstanding any provision of this Agreement, the Parties agree that any decision by any court as to any Fee Award or any Incentive Awards to the Representative Plaintiffs, described in Section 5 above, including any decision by any court to award less than the amounts sought, shall not prevent the Agreement from becoming effective, prevent Final Judgment from being entered, or provide any grounds for termination of the Agreement or the Settlement.

9.2    Procedures for Objecting to the Settlement

9.2.1    Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing, mailed to the Settlement Administrator at the address set forth in the Class Notice, and postmarked no later than the Objection Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

9.2.2    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Slovin v. Sunrun, Inc. et al.,* No. 4:15-cv-05340-YGR" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and phone number(s) at which he or she received call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and/or the objector's attorney (if applicable) has objected to a proposed class action settlement.  If an objecting party chooses to appear at the Final Approval Hearing, no later than the Objection Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

9.2.3    A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have, but failed to, raise in his/her written objection, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

9.2.4    If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must

be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. Representative Plaintiffs or Sunrun/CEE or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection.

      9.2.5   Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

9.3     Right to Respond to Objections

      9.3.1   Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or counsel for the objector).

9.4     Opt Outs

      9.4.1   Any putative class member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement. This written request for exclusion must be sent via first class United States mail

to the Settlement Administrator at the address set forth in the Class Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the putative class member, and must include such individual's name, address, and the telephone number that allegedly received a call by or on behalf of Defendants during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and this Settlement and the Agreement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved. The request for exclusion must be personally signed by the Person seeking to be excluded. So-called "mass" or "class" opt-outs shall not be allowed.

9.4.2 Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement. If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 9.4.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

9.4.3 After Class Notice is disseminated, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i) find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii) approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and

consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties with respect to the Released Claims;

(iii) find that the Class Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv) dismiss the Litigation (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement; incorporate the Releases set forth above in Section 9, make those Releases effective as of the date of the Final Approval Order and Judgment, and

(v) forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

## 10. TAXES

10.1    Settlement Class Members, Representative Plaintiffs, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

## 11.    TERMINATION OF AGREEMENT

11.1    <u>Either Plaintiffs Or Sunrun/CEE May Terminate The Agreement</u>.   Plaintiffs and Sunrun/CEE will each have the right to unilaterally terminate this Agreement by providing written

notice of his, her, their, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

11.1.1 the Court rejects, materially modifies, materially amends or changes, or expressly declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement Agreement;

11.1.2 an appellate court reverses the Final Approval Order and Judgment, and the Settlement Agreement is not reinstated without material change by the Court on remand;

11.1.3 any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in a way that Plaintiffs or Sunrun/CEE reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, the Court approval of Attorneys' Fees and Costs or any Incentive Award, or their amount, is not a condition of the Settlement;

11.1.4 the Effective Date does not occur;

11.1.5 more than five percent (5%) of the Class opts out; or

11.1.6 any other ground for termination provided for elsewhere in this Agreement occurs.

11.2 Revert To Status Quo If Plaintiffs Or Sunrun/CEE Terminates. If either Plaintiffs or Sunrun/CEE terminates this Agreement as provided in Section 11, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the

Settlement Administrator for services rendered to the date of termination will not be refunded to Sunrun/CEE.

11.3    If the Settlement Agreement is not approved in full by the Court, any Party has the option to terminate the Settlement Agreement and revert to the status quo prior to the Settlement.

## 12.    INJUNCTIVE RELIEF

Sunrun and CEE agree that they shall consent to the entry of an injunction imposing certain requirements, as described in this Section 12, that will remain in effect for a period of four years starting on the Effective Date.  For purposes of this Section 12: (a) "Telemarketing Vendor" shall mean telemarketing lead vendors that contract with Sunrun and/or CEE, through Lead Generation Agreements or similar contracts, to use telemarketing to generate for and/or deliver leads to Sunrun or CEE, or use outbound telemarketing to generate or qualify leads for Sunrun or CEE; and (b) "Complaint" shall mean an allegation by a person, in writing or orally, that identifies the person's grievance related to receipt of unsolicited telemarketing calls, as well as sufficient information to contact the complaining consumer in the future and to identify the initiator of the complained-of unsolicited telemarketing calls; to the extent a grievance is related to a call that is determined to be compliant with the law, such grievance shall not fall within the meaning of "Complaint."

12.1    Sunrun agrees to oversee all CEE telemarketing activities to ensure compliance with the TCPA.

12.2    Sunrun and CEE agree to maintain and merge their Internal Do Not Call Lists.

12.3    Sunrun and CEE agree to implement and maintain procedures that prevent their respective dialing equipment from making unsolicited telemarketing calls to consumers whose telephone numbers appear on their Internal Do Not Call Lists.

12.4    Sunrun and CEE agree not to contract with Telemarketing Vendors who do not accept service of process in the United States.

12.5    Sunrun and CEE agree to conduct a reasonable due diligence investigation of a person or entity before allowing such person or entity to be a Telemarketing Vendor, to ensure that the person or entity has established and actively enforces effective policies and procedures for compliance with the TCPA.

12.6    Sunrun and CEE agree that for any new contracts with Telemarketing Vendors, they will add contractual provisions allowing Sunrun and/or CEE: (a) not to provide any monetary compensation to any Telemarketing Vendor that they learn is making unsolicited telemarketing calls in violation of the TCPA; and (b) to require a Telemarketing Vendor that is the source of ten or more Complaints made to Sunrun/CEE to retain, at the Telemarketing Vendor's expense, a reputable, third party to audit the Telemarketing Vendor's telemarketing practices.

12.7    Sunrun and CEE agree to investigate any Complaints that are received.  Sunrun and CEE shall take all reasonable steps to obtain, record, and retain all relevant information regarding Complaints made to them, including but not limited to: (1) the consumer's name, address, and telephone number; (2) the substance of the Complaint, including the name of any person referenced; (3) the nature and result of any investigation conducted concerning the Complaint; (4) each response to the Complaint and the date of such response to the Complaint; (5) any final resolution of the Complaint, and the date of such resolution; (6) in the event of a denial of any resolution, the reason for the denial; (7) if applicable, the name, telephone number, and address of the Telemarketing Vendor that made the call that was the basis for the Complaint; (8) the date of

the allegedly unsolicited telemarketing calls; and (9) any relevant information for determining whether a violation of the TCPA has occurred.

12.8    Sunrun and CEE agree to conduct, on a quarterly basis, random audits of Telemarketing Vendors, which audits will include the review of calls and recordings from each Telemarketing Vendor. Sunrun and CEE agree to retain an independent third-party to assist with such audits to confirm that Telemarketing Vendors have: (a) obtained "prior express written consent," to the extent required by law; and (b) scrubbed phone numbers called against the National Do Not Call Registry and against cell phone databases, as required by law.

12.9    Sunrun and CEE agree, that for any new contracts with Telemarketing Vendors, they will add contractual provisions to require that all Telemarketing Vendors: (a) identify themselves by name on telemarketing calls with consumers; (b) to agree that they will not attempt to mislead consumers as to their identities, including by claiming that they are calling from a business entity that does not exist; and (c) comply with requirements governing the registration of fictitious names.

12.10   None of the provisions of this Section 12 (or any other provision of this Agreement), nor conduct by Sunrun/CEE to comply with the terms of Section 12, shall be used as evidence that Sunrun/CEE controls any Telemarketing Vendor, that any Telemarketing Vendor is an agent of Sunrun/CEE, or that Sunrun/CEE is otherwise legally responsible for alleged violations of the TCPA by any Telemarketing Vendor.

12.11   Prior to any party seeking to enforce this Section 12 through court action, if such party believes that Sunrun/CEE has not complied with this Section 12, then such party shall notify Sunrun/CEE, through counsel of record, of the alleged breach. Any such notice shall set forth with

specificity the aspects of the alleged breach and proposed remedies for such alleged breach. Sunrun/CEE shall have 60 days to cure such alleged breach, without any admission of any breach, and without any liability or consequence.

## 13.    NO ADMISSION OF LIABILITY

13.1    Sunrun/CEE deny any liability or wrongdoing of any kind associated with the alleged claims in the Complaint.  Sunrun/CEE have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing in this Settlement Agreement will constitute an admission by Sunrun/CEE that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Sunrun/CEE or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Sunrun/CEE in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

13.2    Pursuant to Federal Rule of Evidence Rule 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

13.3     The Parties agree that all information obtained from or provided by Sunrun/CEE in connection with this Settlement Agreement and its negotiation shall be kept confidential and that such information shall be used on only for the purposes allowed by this Settlement Agreement and for no other purpose.

13.4     If any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with only the details of the Settlement which is in the public record.  No Parties, or their agents, shall inaccurately characterize the terms of the Settlement or the Agreement.  The Parties agree that nothing in this Settlement Agreement shall be construed to prohibit communications between Sunrun/CEE and any of the Released Parties initiated by the Released Parties or that may occur in the ordinary course of Sunrun's/CEE's business.

**14.     CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

14.1     The Effective Date of this Agreement shall be the date the Judgment has become Final.

14.2     If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties will be restored to their respective positions in the Litigation as of September 27, 2018.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated.

14.3     The Parties agree to request a stay of the Litigation pending approval of the Settlement.

## 15. MISCELLANEOUS PROVISIONS

15.1    Cooperation of the Parties: The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Settlement Class Members. Class Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions, and obligations precluding their representation of opt-outs.

15.2    Resolution of Dispute without Admission: The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement covers claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense.

15.3    Use In Subsequent Proceedings: Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of Defendants; or is or may be deemed to be an admission of, or evidence of, any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to this Litigation may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata,* collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.4    Confidential Information: All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

15.5    Destruction of Discovery Received from Defendants: The Parties acknowledge that they have agreed to abide by the Stipulated Protective Order entered into and adopted by the Court on June 10, 2016, and in particular, the paragraphs with respect to the duration of the Order and the destruction of documents.

15.6    Incorporation of Exhibits: Any and all Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

15.7    Modification: This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

15.8    Integration: This Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Parties will bear their own respective costs.

15.9    Class Counsel's Authority: Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class.

15.10   Parties' Authority: Each counsel or other Person executing this Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

15.11   Counterparts: This Agreement may be executed in one or more counterparts. All executed counterparts will be deemed to be one and the same instrument.

15.12   No Prior Assignments: Representative Plaintiff and Class Counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

15.13   Binding on Assigns: This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Settlement Class Members.

15.14   Publicity: Except for the notice provisions set forth in the Order of Preliminary Approval and except as required to comply with any applicable law, rule or regulation or to comply with a Court order, the Parties agree that there will be no press releases regarding the Settlement and neither side will initiate contact with the media.

15.15   Interpretation: None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

15.16   Governing Law: This Agreement and any Exhibits hereto will be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of

California without giving effect to that State's choice-of-law principles. The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

15.17   No Waiver: The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

IN WITNESS WHEREOF, the Parties have executed and cause this Agreement to be executed by their duly authorized attorneys.

Dated: September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**                    **PARASMO LIEBERMAN LAW**

_____            _____
David C. Parisi                            Grace Parasmo
Suzanne Havens Beckman                      Yitzchak H. Lieberman
212 Marine Street, Suite 100                7400 Hollywood Blvd., #505
Santa Monica, CA 90405                      Los Angeles, CA 90046
*Counsel for Plaintiffs*                    *Counsel for Plaintiffs*


_____            _____
Lynn Slovin                                Samuel Katz


_____            _____
Jeffery Price                              Justin Birkhofer


**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**


_____
Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*


**SUNRUN INC.**                            **CLEAN ENERGY EXPERTS, LLC**


_____            _____
Name:                                      Name:
Title:                                     Title:

Dated: September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**                          **PARASMO LIEBERMAN LAW**

_____                  _____
David C. Parisi                                   Grace Parasmo
Suzanne Havens Beckman                            Yitzchak H. Lieberman
212 Marine Street, Suite 100                      7400 Hollywood Blvd., #505
Santa Monica, CA 90405                            Los Angeles, CA 90046
*Counsel for Plaintiffs*                          *Counsel for Plaintiffs*


_____                  _____
Lynn Slovin                                       Samuel Katz


_____                  _____
Jeffery Price                                     Justin Birkhofer


**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**


_____
Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*


**SUNRUN INC.**                                   **CLEAN ENERGY EXPERTS, LLC**


_____                  _____
Name:                                             Name:
Title:                                            Title:

Dated:  September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**                        **PARASMO LIEBERMAN LAW**

_____              _____
David C. Parisi                                Grace Parasmo
Suzanne Havens Beckman                         Yitzchak H. Lieberman
212 Marine Street, Suite 100                   7400 Hollywood Blvd., #505
Santa Monica, CA 90405                         Los Angeles, CA 90046
*Counsel for Plaintiffs*                       *Counsel for Plaintiffs*

9/26/2018 6:14:01 PM PDT
_____              _____
Lynn Slovin                                    Samuel Katz

9/26/2018 2:04:40 PM PDT                       9/26/2018 3:50:40 PM PDT
_____              _____
Jeffery Price                                  Justin Birkhofer

**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**

_____
Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*

**SUNRUN INC.**                                **CLEAN ENERGY EXPERTS, LLC**

_____              _____
Name:                                          Name:
Title:                                         Title:

Dated: September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**                    **PARASMO LIEBERMAN LAW**

_____            _____
David C. Parisi                            Grace Parasmo
Suzanne Havens Beckman                     Yitzchak H. Lieberman
212 Marine Street, Suite 100               7400 Hollywood Blvd., #505
Santa Monica, CA 90405                     Los Angeles, CA 90046
*Counsel for Plaintiffs*                   *Counsel for Plaintiffs*

                                           DocuSigned by:
                                           *Samuel katz*              9/27/2018 9:01:51 AM PDT
_____            ──AA73C790E8E8446──────────
Lynn Slovin                                Samuel Katz


_____            _____
Jeffery Price                              Justin Birkhofer


**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**


_____
Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*


**SUNRUN INC.**                            **CLEAN ENERGY EXPERTS, LLC**


_____            _____
Name:                                      Name:
Title:                                     Title:

Dated: September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**

**PARASMO LIEBERMAN LAW**

_____
David C. Parisi
Suzanne Havens Beckman
212 Marine Street, Suite 100
Santa Monica, CA 90405
*Counsel for Plaintiffs*

_____
Grace Parasmo
Yitzchak H. Lieberman
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
*Counsel for Plaintiffs*

_____
Lynn Slovin

_____
Samuel Katz

_____
Jeffery Price

_____
Justin Birkhofer

**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**

_~~Lauri Mazzuchetti~~_
Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*

**SUNRUN INC.**

**CLEAN ENERGY EXPERTS, LLC**

_____
Name:
Title:

_____
Name:
Title:

Dated: September 26, 2018

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**

---

David C. Parisi
Suzanne Havens Beckman
212 Marine Street, Suite 100
Santa Monica, CA 90405
*Counsel for Plaintiffs*

---

Lynn Slovin

---

Jeffery Price

**PARASMO LIEBERMAN LAW**

---

Grace Parasmo
Yitzchak H. Lieberman
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
*Counsel for Plaintiffs*

---

Samuel Katz

---

Justin Birkhofer

**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**

---

Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*

**SUNRUN INC.**

Name: *Jeanna Steele*
Title: *General Counsel*

**CLEAN ENERGY EXPERTS, LLC**

Name: *Jeanna Steele*
Title: *General Counsel, Sunrun Inc.*

**Exhibit 2**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,

        Plaintiff,

    v.

SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1-5, inclusive,

        Defendants.

Case No. 4:15-cv-05340-YGR

**Hon. Yvonne Gonzalez Rogers**

## AMENDMENT TO

## STIPULATION AND AGREEMENT OF SETTLEMENT

It is hereby stipulated and agreed by and among the undersigned Parties, subject to the approval of the Court, that the Settlement Agreement entered into by the Parties, which has been filed and designated ECF Docket No. 189-3, is amended as follows:

1.    *Slovin, et al. v. Sunrun, Inc. et al.,* No. 4:15-cv-05340-YGR (the "Action"), was filed November 20, 2015, and is currently pending before the Honorable Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California.  The Complaint in the Action alleges claims against Sunrun Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") (collectively, "Sunrun/CEE" or "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

1

2.    A hearing on Plaintiffs' motion for preliminary approval was held on November 27, 2018.

3.    The Parties now amend the Settlement Agreement by replacing Exhibits A, B, D and E with the exhibits attached hereto as Exhibits A, B, D and E.  These Exhibits are specifically referred to as follows:

| | |
|---|---|
| Exhibit A | Online Claim Form |
| Exhibit B | Direct Mail Notice, also referred to as the "Short Form Notice" |
| Exhibit D | Long Form Notice |
| Exhibit E | Proposed Preliminary Approval Order |

4.    Section 2.1.41 is amended as follows:

2.1.41   "Released Claims" shall mean any and all claims, liabilities, demands, causes of action, or lawsuits of the Releasing Parties, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever that were brought in the Litigation or could have been brought in the Litigation relating in any way to calls by, from, or on behalf of Sunrun or CEE or from a third party generating leads for Sunrun or CEE, including but not limited to claims for any alleged TCPA violation or any other telephone or telemarketing-related federal, state or local law, regulation or ordinance, and claims that in any way relate to automated calls (e.g., those made using an ATDS and/or artificial or prerecorded voice to cell phone numbers).

5.    Section 6.3.2 is amended as follows:

6.3.2    The Settlement Website will terminate (be removed from the internet) and no longer be maintained by the Settlement Administrator <u>one hundred eighty (180)</u> ~~sixty (60)~~ days after <u>the later of e</u>ither (a) <u>ten days past the last date on which Benefit Checks expire</u>~~the Effective Date~~; or (b) the date on which the Settlement Agreement is terminated or otherwise not approved in full.  The Settlement Administrator will then transfer ownership of the URL to Sunrun.

6.    Section 9.2.1 is amended as follows:

9.2.1    Settlement Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing, <u>submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California</u>~~mailed to the Settlement Administrator at the address set forth in the Class Notice~~, and postmarked no later than the Objection Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

IN WITNESS WHEREOF, the Parties have executed and cause this Agreement to be executed by their duly authorized attorneys.

Dated: January 11, 2019

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**

David C. Parisi
Suzanne Havens Beckman
212 Marine Street, Suite 100
Santa Monica, CA 90405
*Counsel for Plaintiffs*

Lynn Slovin

Jeffery Price

**PARASMO LIEBERMAN LAW**

Grace Parasmo
Yitzchak H. Lieberman
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
*Counsel for Plaintiffs*

Samuel Katz

Justin Birkhofer

**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**

Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*

**SUNRUN INC.**

Name:
Title:

**CLEAN ENERGY EXPERTS, LLC**

Name:
Title:

Dated:

**FOR THE PLAINTIFFS:**

**PARISI & HAVENS LLP**

                   **PARASMO LIEBERMAN LAW**

_____

David C. Parisi
Suzanne Havens Beckman
212 Marine Street, Suite 100
Santa Monica, CA 90405
*Counsel for Plaintiffs*

_____

Grace Parasmo
Yitzchak H. Lieberman
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
*Counsel for Plaintiffs*

_____

Lynn Slovin

_____

Samuel Katz

_____

Jeffery Price

_____

Justin Birkhofer

**FOR THE DEFENDANTS:**

**KELLEY DRYE & WARREN LLP**

*Lauri Mazzuchetti*

Lauri A. Mazzuchetti (*pro hac vice*)
Jeffrey S. Jacobson (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
*Counsel for Defendants*

**SUNRUN INC.**

Name: Jeanna C. Steele
Title: General Counsel

**CLEAN ENERGY EXPERTS, LLC**

Name: Jeanna Steele
Title: General Counsel

# Exhibit A

(Online Claim Form <u>Revised</u>)

### *Slovin, et al. v. Sunrun, Inc. et al.*,
In the United States District Court for the Northern District of California
Case No. 4:15-cv-05340-YGR

## Online Claim Form

> **If you are a Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [Claims Deadline], or submitted online at [web site] on or before [Claims Deadline].**

Please read the full notice of this Settlement (available at [website]) carefully before filling out this Claim Form.

CLAIMANT INFORMATION

Provide your name and contact information below.  It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

_____    _____
FIRST NAME                                       LAST NAME

_____
STREET ADDRESS

_____   _____   _____
CITY                                  STATE            ZIP CODE

_____   _____
CURRENT TELEPHONE NUMBER       TELEPHONE NUMBER AT WHICH CALL(S) WERE RECEIVED
                                       (You must use separate claim forms for different telephone numbers.)

_____
EMAIL ADDRESS

By submitting this Claim Form, I certify that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls marketing solar products between November 20, 2011 and August 31, 2018 on the telephone number identified above.

I wish to receive any payment from this settlement ☐ by check or ☐ by credit to my PayPal account with the above email address.

I also certify that this is the only claim that I am submitting in connection with the above telephone number.

Signature: _____ Date (mm/dd/yyyy): __ __/ __ __/ __ __ __ __
              [Typed for online version]

| Agree and Submit Online |

You may also mail this completed Claim Form to:

Mailing Address
Claims Administrator

Your claim will be submitted to the Claims Administrator for review. If accepted you will receive funds electronically or by mail, as described in the Settlement Agreement and Release, which is available at www.------.com. This process takes time, please be patient.

**Please keep a copy of your Claim Form for your records.**

# Exhibit B

(Short Form Notice <u>Revised</u>)

COURT AUTHORIZED
NOTICE OF CLASS ACTION
AND PROPOSED SETTLEMENT

*Slovin v. Sunrun, Inc., et al.*
**Claims Administrator**
P.O. Box _____
_____, \_\_\_, _____

First-Class
Mail
US Postage
Paid
Permit #\_\_

**Records indicate you may have received a call marketing solar products between November 20, 2011 and August 31, 2018, and a class action settlement may affect your rights.**

**You Could Get Money From A Class Action Settlement If You Return This Claim Form.**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: BFG -«ClaimID» «MailRec»

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «ST» «Zip»
«Country»

XXX

----

### SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE POSTMARKED BY _____, 2019 AND MUST BE FULLY COMPLETED.
You may also submit your claim online at **www. .com**

Instructions: Fill out each section of this form and sign where indicated.

«Barcode»

Claim #: XXX-«ClaimID» - «MailRec»                    Name/Address Change, if any:

«First1» «Last1»                    _____

«Addr1» «Addr2»                    _____

«City», «St» «Zip»                    _____

Email Address: _____    Contact Phone #: (\_\_\_ \_\_\_ \_\_\_) \_\_\_ \_\_\_ \_\_\_ – \_\_\_ \_\_\_ \_\_\_ \_\_\_

(Please provide an email and phone number where you may be contacted if further information is required.)

I certify that: (1) I believe that I am member of the Settlement Class; and (2) I received one or more phone calls marketing solar products between November 20, 2011 and August 31, 2018 on the following telephone number: «Phone». I also certify that this is the only claim that I am submitting in connection with the above telephone number.

I wish to receive any payment from this settlement ☐ by check or ☐ by credit to my PayPal account with the above email address.

Signature: _____    Date (mm/dd/yyyy): \_\_ \_\_/ \_\_ \_\_/ \_\_ \_\_ \_\_ \_\_

Print Name: _____

Your claim will be submitted to the Claims Administrator for review. If accepted you will receive funds, as described in the Settlement Agreement and Release, which is available on the website below. This process takes time, please be patient.

**Questions, visit www._____.com or call 1-XXX-XXX-XXXX**



   

In the United States District Court for the Northern District of California
*Slovin v. Sunrun, Inc., et al.*, 4:15-cv-05340-YGR

A settlement has been reached in a class action lawsuit called *Slovin v. Sunrun*. The lawsuit alleges that telemarketing calls made by or on behalf of Sunrun and/or Clean Energy Experts d/b/a Solar America, violated the Telephone Consumer Protection Act. Sunrun and Clean Energy Experts maintain that they did not make unauthorized telephone calls, the lawsuit is without merit and were prepared to vigorously defend all aspects of it.

**Who is included?** The Settlement Class includes all persons in the United States who, from November 20, 2011 to August 31, 2018, received from or on behalf of Sunrun and/or Clean Energy Experts, or from a third party generating leads for Sunrun and/or Clean Energy Experts: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or Clean Energy Experts's Internal Do Not Call List more than 30 days before the calls.

**What are the Settlement Terms?** A Settlement Fund of $5,500,000 has been established to pay valid claims, plus administrative fees, attorneys' fees, and costs up to $2,380,000, and incentive awards of up to $40,000 to each of the 4 Class Representatives. Additionally, Sunrun and Clean Energy Experts will change their practices related to telephone sales practices. Class Counsel estimate you will receive between $100 and $250, which is less than the $500 to $1,500 per call you might have been awarded if Plaintiffs had won at trial. Each Class Member will receive the same amount per phone number called. The amount received will depend on the number of Settlement Class members who submit valid claims.

**How to receive payment?** To receive a cash award, sign and return the attached Claim Form. Claims Forms can be submitted by mail or online at WWW._____.COM. **All Claim Forms must be postmarked or submitted online by _____, 2019.** You should provide the 8-digit Claim ID appearing above your name on the address side of this postcard for online or mail submissions.

**Exclude yourself:** If you do not want to be legally bound by the Settlement, you must exclude yourself by sending a signed written request for exclusion ~~to the Court~~ postmarked by _____, 2019 and mailed to Settlement Administrator address. If you do not exclude yourself, you will release any claims you may have against Sunrun and Clean Energy Experts, and you will not be able to sue them.

**Object yourself:** Your objection must be postmarked by _____, 2019. Objections must be signed, provide the reasons for the objection, and specify if the objection applies only to the objector, to a specific subset of the class, or to the entire class. Objections must be mailed to Class Action Clerk, U.S.D.C. Northern District of Calif., 1301 Clay Street, Oakland, CA 94612. Please visit **www._____.com** for specific details.

**Final Approval:** The Court will hold a hearing on _____, **2019**, at _____ p.m., at the United States District Court for the Northern District of California, Courtroom One, 4th Floor, 1301 Clay Street, Oakland, CA 94612, to consider whether to approve the Settlement. You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so. For more information, call **1-XXX-XXX-XXXX**, or visit **www._____.com**.

# Return Postage Page

# Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN SLOVIN, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SUNRUN, INC., a California corporation, CLEAN ENERGY EXPERTS, LLC, a California limited liability company doing business as SOLAR AMERICA, and DOES 1 through 5, inclusive,<br><br>     Defendants. | Case No. 4:15-cv-05340-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>TAC Filed:  July 12, 2016<br>Trial Date:  None Set |

1

# (PROPOSED) FINAL APPROVAL ORDER AND JUDGMENT

1.     Plaintiffs Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer (collectively "Plaintiffs" or "Representative Plaintiffs"), Sunrun, Inc. ("Sunrun") and Clean Energy Experts, LLC ("CEE") (collectively, "Sunrun/CEE" or "Defendants"), and the Settlement Class (collectively, the "Parties") reached a settlement.  The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders.  To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement.  The Court gave its preliminary approval of the Settlement on _____, 201_ (the "Preliminary Approval Order").  The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice and Long Form Notice on the Settlement Website, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2.     On _____, 2019, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiffs and Defendants should be approved as Final by this Court.  Counsel for the Plaintiffs and the Settlement Class and counsel for Defendants appeared at the hearing.

3.     After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and conducting the hearing, the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4.     This Final Approval Order and Judgment incorporates the Settlement Agreement and all exhibits thereto.

5.     The Court has personal jurisdiction over all Settlement Class Members and Defendants, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6.     Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

"Settlement Class" means all persons in the United States, from November 20, 2011 to August 31, 2018, who received from or on behalf of Sunrun and/or CEE, or from a third party generating leads for Sunrun and/or CEE: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or CEE's Internal Do Not Call List more than 30 days before the calls.

The class definition excludes the following:

(1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators; (3) Sunrun/CEE, as well as any parent, subsidiary, affiliate or control person of Sunrun/CEE, and the officers, directors, agents, servants or employees of Sunrun/CEE; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom CEE or Sunrun has a record demonstrating "prior express written consent," as defined by the TCPA.

The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Representative Plaintiffs are typical of the claims and defenses of the Settlement Class Members they represent; the Representative Plaintiffs have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia*, upon the Court's familiarity with the claims and Parties in this case, and the mediation and negotiation process overseen by the Honorable Edward A. Infante (Ret.), JAMS mediator Bruce Friedman, Esq., and Magistrate Judge Jacqueline Scott Corley.

7. The Settlement Agreement was reached after arm's-length negotiations between the Representative Plaintiffs, Defendants, and their respective counsel. The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements

of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiffs, Defendants, and the Settlement Class Members.

8.     The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23.   Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section 8 of the Settlement Agreement.

9.     The Court finds that in negotiating, entering into, and implementing the Settlement, the Representative Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10.     The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11.     The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Representative Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or

expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13.     The Representative Plaintiffs, Defendants, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14.     All claims against Defendants asserted in this Action, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15.     The releases set forth in Section 8 of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement, Representative Plaintiffs and the Settlement Class Members, on behalf of themselves and their respective assigns, heirs, executors, administrators, successors, and agents, and representatives, fully and finally release, as of the date the Final Approval Order and Judgment becomes Final, Sunrun/CEE and the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, tribal law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Released Claims.

16.     The Court hereby grants Class Counsel's request for an Incentive Award for the Representative Plaintiffs in the amount of $_____ each.  The Court has considered Class Counsel's Motion for an Award of Attorney's Fees and Costs and additionally grants as reasonable and justified Class Counsel's request for Attorney's Fees of $_____ and out of pocket costs

incurred of $_____.

17.     The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

18.     This Settlement Fund will constitute Sunrun/CEE's exclusive payment obligation under the Settlement Agreement and will be used to pay: (a) Cash Benefits paid to Settlement Class Members, as prescribed by the Settlement Agreement; (b) Attorneys' Fees and Costs, as awarded by the Court; (c) any Incentive Award awarded to Lynn Slovin, Samuel Katz, Jeffrey Price, and Justin Birkhofer; (d) Settlement Administration Costs, including costs of notice (including CAFA Notice); and (e) any *cy pres* payment to Electronic Frontier Foundation pursuant to the procedures described in Section 7.4 of the Settlement Agreement.  No portion of the Settlement Fund will be returned to Sunrun/CEE, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

19.     Any distribution of the Settlement Fund to the Settlement Class or any other person, other than the Settlement Administrator pursuant to the terms hereof, shall commence only after the Effective Date.  The Aggregate Fees, Costs, and Expenses shall be paid from the Settlement Fund prior to any distribution of Cash Benefits to the Settlement Class.  The remainder of the Settlement Fund shall be used to pay Cash Benefits in accordance with the rules set forth herein.

20.     If any amounts remain in the Settlement Fund because Settlement Members fail to negotiate their respective Benefit Checks, such unclaimed monies shall be distributed as follows: (a) to the Settlement Class Members who cashed their initial Benefits Checks, to the extent such a distribution is administratively and economically feasible; and if not so feasible, (b) to Electronic Frontier Foundation, the *cy pres* designated recipient as appointed by the Court.  No portion of the Settlement Fund will be returned to Sunrun/CEE, except as provided in Section 11 of the Settlement Agreement, Termination of the Agreement.

21.     The Court further approves the establishment of the Settlement Fund as set forth in the Agreement.

22.     The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following

requirements:

(a)      The escrow account for the Settlement Fund is established pursuant to the Preliminary Approval Order and is subject to the continuing jurisdiction of this Court;

(b)      The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c)      The assets of the escrow account for the Settlement Fund are segregated from other assets of Sunrun/CEE, the transferors of the payment to the Settlement Fund.

23.      Under the "relation back" rule provide under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)      The escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)      Defendants and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 22 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be treated as having been transferred to the escrow account for the Settlement Fund on that date.

24.      Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants.

25.      In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26.     No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendants or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement.  Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28.     There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

DATED:     _____

_____
Yvonne Gonzalez Rogers, United States District Court Judge

# Exhibit D

(Long Form Notice <u>Revised</u>)

**If you received a call from or on behalf of Sunrun, Inc., Clean Energy Experts, LLC d/b/a Solar America, or from a third party generating leads for Sunrun or Clean Energy Experts, you could receive a cash payment from a class action settlement.**

A Federal Court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT THE CLAIM FORM** | The **only** way to receive a payment. By participating in the settlement, you will be bound by the terms of the Settlement Agreement and will give up certain rights. |
| **EXCLUDE YOURSELF BY** _____ | You will receive no payment, but you will retain any rights you currently have to sue Sunrun and/or Clean Energy Experts about the issues in this case. Your request to exclude yourself must be postmarked by _____. |
| **OBJECT BY** _____ | Write to the Court and explain why you do not like the Settlement. Your objection must be postmarked by _____. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You **will not** get a share of the Settlement benefits and will give up your rights to sue Sunrun and Clean Energy Experts about the issues in this case. |

- A proposed settlement has been reached in a class action lawsuit called *Slovin, et al. v. Sunrun, Inc. et al.* The lawsuit alleges that telemarketing calls made by or on behalf of Sunrun Inc. ("Sunrun") and Clean Energy Experts, LLC ("Clean Energy Experts") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Sunrun/Clean Energy Experts maintain that they did not make any unauthorized calls, the lawsuit is without merit, and they were prepared to vigorously defend all aspects of it.

- You are included if, at any time between approximately November 20, 2011 to August 31, 2018, you received from or on behalf of Sunrun and/or Clean Energy Experts, or from a third party generating leads for Sunrun and/or Clean Energy Experts: (1) one or more calls on your cellphone, or (2) at least two telemarketing calls during any 12-month period where your phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or Clean Energy Experts's Internal Do Not Call List more than 30 days before the calls.

- If the Court approves the Settlement, you may be eligible to receive a single payment for each telephone number on which you received call(s). Your payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally—sometimes referred to as "pro rata"—to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, any award for the Representative Plaintiffs, and notice and administration costs have been deducted.

- **Please read this notice carefully.** Your legal rights are affected whether you act or don't act. These rights and options—and **the deadlines to exercise them—**are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues with the Settlement are resolved. Please be patient.

## BASIC INFORMATION

| 1. Why was this Notice issued? |
| --- |

A Court authorized this Notice to let you know about a proposed Settlement with Sunrun and Clean Energy Experts. You have legal rights and options that you may exercise before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, and your legal rights.

Judge Yvonne Gonzalez Rogers of the U.S. District Court for the Northern District of California is overseeing this class action. The case is captioned as *Slovin, et al. v. Sunrun, Inc. et al.,* No. 4:15-cv-05340-YGR. The individuals who sued are called the Representative Plaintiffs. The companies they sued, Sunrun Inc. and Clean Energy Experts, LLC, are called the Defendants.

| 2. What is a class action lawsuit? |
| --- |

In a class action, one or more "Representative Plaintiffs" sue on behalf of a group of people who have similar claims. In this case and under this Settlement, these people are together called a "Settlement Class" or "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class. After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
| --- |

The lawsuit alleges that Defendants and/or others acting on their behalf and/or third parties generating leads for Defendants made marketing calls to consumers. The lawsuit alleges that the Defendants violated the Telephone Consumer Protection Act because some consumers did not agree to receive these calls, or because the calls were made using an automatic telephone dialing system. Under the Telephone Consumer Protection Act, a person is entitled to receive up to $500 for calls that were placed using an automated telephone dialing system without the person's consent. A person is entitled to receive up to $500 per call for calls placed to telephone numbers registered on the National Do-Not-Call Registry or companies internal do not call list without that person's consent. If the person proves the calls were placed willfully, the person is entitled to triple the amount awarded up to $1,500.

The Defendants deny the allegations and maintain that they have strong, meritorious defenses to the claims. The Settlement is not an admission of, and does not establish any, wrongdoing by Sunrun or Clean Energy Experts.

More information about the complaint in the lawsuit and the Defendants' answer can be found in the "Court Documents" section of the Settlement website at [website].

| 4. Why is there a Settlement? |
|---|

The Court has not decided whether the Representative Plaintiffs or Defendants should win this case. Instead, both sides agreed to a Settlement. The Representative Plaintiffs and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
|---|

The Court decided that this Settlement includes a Class of all persons in the United States who, from November 20, 2011 to August 31, 2018, received from or on behalf of Sunrun and/or Clean Energy Experts, or from a third party generating leads for Sunrun and/or Clean Energy Experts: (1) one or more calls on their cellphones, or (2) at least two telemarketing calls during any 12-month period where their phone numbers appeared on a National or State Do Not Call Registry or Sunrun's and/or Clean Energy Experts's Internal Do Not Call List more than 30 days before the calls.

The following are excluded from the Settlement Class: (1) any trial judge and other judicial officers that may preside over this case; (2) the Mediators (3) Sunrun/Clean Energy Experts, as well as any parent, subsidiary, affiliate or control person of Sunrun/Clean Energy Experts, and the officers, directors, agents, servants or employees of Sunrun/Clean Energy Experts; (4) any of the Released Parties; (5) any Settlement Class Member who has timely submitted a Request for Exclusion by the Opt-Out Deadline; (6) any person or entity who has previously given a valid release of the claims asserted in the Action; (7) Plaintiffs' Counsel; and (8) persons for whom Clean Energy Experts or Sunrun has a record demonstrating "prior express written consent," as defined by the TCPA.

Everyone who fits this description, who is not excluded as per the above, is a member of the Settlement Class.

If you received a postcard about this class action, your phone number may be one of the numbers that was called.

| 6. What were the allegedly unsolicited calls about? |
|---|

The calls covered by this Settlement were allegedly made by or on behalf of Sunrun/Clean Energy Experts, or from a third party generating leads for Sunrun/Clean Energy Experts, in an attempt to offer solar energy products.

## THE SETTLEMENT BENEFITS

| 7. What does the Settlement provide? |
|---|

As part of the Settlement, Defendants have agreed to create a $5,500,000 Settlement Fund. The Settlement Fund will be used to pay all valid claims, costs of administering the Settlement, attorneys' fees and costs, and any incentive payments to the Representative Plaintiffs. Additionally, Defendants have agreed to change their practices related to telemarketing.

Under the Settlement Agreement, Settlement Class Members must request a payment by submitting by mail or online a valid Claim Form saying that they received an unsolicited call and providing all the information requested in the Claim Form. Further details are below.

## HOW TO GET BENEFITS

| 8. How do I make a claim? |
|---|

The Settlement creates a claims process. You can get the Claim Form on this website or by calling [Settlement Administrator number]. The Claim Form may be submitted online or by U.S. Mail sent to [address]. If you file a valid Claim Form and your claim is approved, you will receive a single payment for each telephone number that you received call(s) on. Your payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided and distributed equally—sometimes referred to as "pro rata"— to all Settlement Class Members who submit a valid Claim Form after attorneys' fees, costs and expenses, any award for the Representative Plaintiffs, and notice and administration costs have been deducted.

The Claim Form requires you to provide your name, address, and the telephone number that you received the call(s) on. You must verify that you are a member of the Settlement Class and the telephone number on which you received unsolicited calls from or on behalf of Sunrun and/or Clean Energy Experts.

*All Claim Forms must be received (or postmarked if mailed) and properly completed by [claims deadline].*

| 9. How much will payment be? |
|---|

Your share of the settlement will depend on the number of Claim Forms that Class Members submit and other factors. Class Counsel estimate you will receive between approximately $100 and $250, but this is only an estimate.

| **10. When will I get my payment?** |
| --- |

The hearing to consider the final fairness of the Settlement is scheduled for [insert Final Approval Hearing date].  If the Court approves the Settlement, and after any appeals process is completed, eligible Settlement Class Members whose claims were approved will be sent a check in the mail or receive funds electronically.  If Final Approval is granted, payments will be issued no sooner than _____.  Please be patient.  All checks will expire and become void 180 days after they are issued.

<h2 style="text-align:center">THE LAWYERS REPRESENTING YOU</h2>

| **11. Do I have a lawyer in this case?** |
| --- |

Yes, the Court has appointed lawyers Yitzchak H. Lieberman and Grace E. Parasmo of Parasmo Lieberman Law and David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP as the attorneys to represent you and other Settlement Class Members.  These attorneys are called "Class Counsel."  In addition, the Court appointed plaintiffs Lynn Slovin, Samuel Katz, Jeffery Price, and Justin Birkhofer to serve as the Representative Plaintiffs.  They are Settlement Class Members like you.

| **12. Should I get my own lawyer?** |
| --- |

You do not need to hire your own lawyer.  Class Counsel is working on your behalf.  However, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask your lawyer to appear in Court for you, at your own expense, if you want someone other than Class Counsel to represent you.

| **13. How will the lawyers be paid?** |
| --- |

Class Counsel will ask the Court for attorneys' fees, costs, and expenses, totaling up to $2,380,000, and will also request an award of up to $40,000 each for the Representative Plaintiffs.  The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any award to the Representative Plaintiffs.  The Court may award less than the amounts requested by Class Counsel and the Representative Plaintiffs, and any money not awarded from these requests will stay in the Settlement Fund to pay Settlement Class Members.

Neither Sunrun nor Clean Energy Experts has made any agreement with Plaintiffs or Class Counsel as to the amounts that either will receive for attorneys' fees, costs, and expenses or for incentive awards, respectively.

Class Counsel will file with the Court and post on the Settlement website its request for attorneys' fees, costs and expenses, and incentive awards by [date].

## YOUR RIGHTS AND OPTIONS

| **14. What happens if I do nothing?** |
|---|

If you do nothing, you will receive no payment under the Settlement, you will be in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims being resolved by this Settlement.

| **15. What happens if I ask to be excluded?** |
|---|

If you exclude yourself from the Settlement, you cannot claim any money or receive any benefits as a result of the Settlement. You will keep your right to bring your own separate lawsuit against the Defendants for the claims resolved in this Settlement. You will not be legally bound by the Court's judgments related to the Settlement Class in this class action.

| **16. How do I ask to be excluded?** |
|---|

You can ask to be excluded from the Settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Slovin, et al. v. Sunrun, Inc. et al*., No. 4:15-cv-05340-YGR. Your letter must also include your name, address, your current phone number, and the phone number that you contend you received the call(s) on, and your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to:

[Settlement Administrator]
Address
Address

You **cannot** exclude yourself by phone, fax or email.

| **17. If I don't exclude myself, can I sue the Defendants for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims being resolved by this Settlement.

| **18. If I exclude myself, can I get anything from this Settlement?** |
|---|

No. If you exclude yourself, you may not submit a Claim Form to ask for a payment.

| **19. How do I object to the Settlement?** |
|---|

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not like any part of it. You must give reasons

why you think the Court should deny approval by filing an objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. If that is what you want to happen, you must object in writing. The Court will consider your views. Your objection and supporting papers must include:

1. A caption or title that identifies it as "Objection to Class Settlement in *Slovin, et al. v. Sunrun, Inc. et al.*, No. 4:15-cv-05340-YGR,"

2. Your full name, address, and telephone number;

3. The name, address, and telephone number of any attorney representing you with respect to the objection;

4. A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class.

5. The specific factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Settlement Class Member, including the date(s) and phone number(s) at which you received the calls covered by this Settlement; and

6. The case name, case number, and court for any prior class action lawsuit in which you and your attorney (if applicable) have objected to a proposed class action settlement.

Your written objection must be signed and dated, and postmarked no later than ▮▮▮▮▮. You must mail your objection to the Court at:

Class Action Clerk
United States Courthouse
Northern District of California
1301 Clay Street
Oakland, CA 94612

If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Final Approval Hearing on the fairness of the Settlement, you must file by [Opt-Out Deadline] a notice of intention to appear with the Court and list the name, address, and telephone number of the attorney, if any, who will appear on your behalf.

---

**20. What's the difference between objecting and excluding myself from the Settlement?**

---

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class (i.e., you do not exclude yourself from

the Settlement). Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 21. When and where will the Court hold a hearing on the fairness of the Settlement?

A Final Approval Hearing has been set for [date] at [time], before the Honorable Yvonne Gonzalez Rogers at Oakland Courthouse, Courtroom 1, 4th floor, 1301 Clay Street, Oakland, CA 94612. At the hearing, the Court will hear any objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees, costs and expenses and the incentive awards to the Representative Plaintiffs.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, [website], or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

### 22. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but you do not have to.

### 23. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak about your objection, filed by following the instructions above in section 19.

## GETTING MORE INFORMATION

### 24. Where can I get additional information?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [website], by contacting Class Counsel at [phone number], by accessing the Court docket in this case through the Court's PACER system at https://ecf. cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

QUESTIONS? CALL [NUMBER] TOLL FREE, OR [WEBSITE]

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

**Exhibit 3**

# Individuals Excluded from the Settlement Class

Billy Arflin

William Arflin

Laurence Barker

Alexander Braurman

Brailen Marceaux

Kathleen Ream

Maureen Redmond

Gerald Roylance